**UNITED STATES of America,**
**Appellee,**

v.

**Nicholas BLAGOJEVIC, Defendant–**
**Appellant.**

No. 08–2485–cr.

United States Court of Appeals,
Second Circuit.

May 29, 2009.

Marsha R. Taubenhaus, New York, NY, for Appellant.

William B. Darrow, Assistant United States Attorney (Gregory L. Waples, Assistant United States Attorney, on the brief), for Thomas D. Anderson, United States Attorney for the District of Vermont for Appellee.

PRESENT: Hon. JOSEPH M. McLAUGHLIN and Hon. REENA RAGGI, Circuit Judges and Hon. JANE A. RESTANI, Judge.*

## SUMMARY ORDER

Defendant Nicholas Blagojevic, who stands convicted pursuant to a guilty plea of robbery in violation of 18 U.S.C. § 1951, appeals the 92–month sentence imposed in his case. Blagojevic contends that his sentence is infected by procedural error because record evidence does not support the district court's (1) application of U.S.S.G. § 2B3.1(b)(2)(F) (providing two-level enhancement for death threat made in course of robbery) and U.S.S.G. § 2B3.1(b)(7)(C) (providing two-level enhancement for loss of more than $50,000 and less than $250,000) to the calculation of his Sentencing Guidelines range, and (2) order that he pay $7,500 in restitution to the victim pursuant to 18 U.S.C. § 3663A.[1] We assume the parties' familiarity with the facts and procedural history, which we reference only as necessary to explain our decision.

At the outset, we note that Blagojevic failed to present the factual challenges he raises on appeal to the district court, an omission that would normally limit our review to plain error. See Fed. R.Crim.P. 52(b). With respect to Blagojevic's Guidelines challenges, however, even plain error review is foreclosed by

---

* The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

1. Although the government references a $5,000 order of restitution, the record indicates that Blagojevic was directed to compensate the victim in the amount of $7,500. The discrepancy makes no difference to our analysis.

the doctrine of true waiver. *See United States v. Quinones,* 511 F.3d 289, 321 (2d Cir.2007); *United States v. Jackson,* 346 F.3d 22, 24 (2d Cir.2003). The doctrine is triggered by Blagojevic's statement, through counsel, at sentencing that not only did he have no objections to the facts stated in his Presentence Report, he agreed to a Sentencing Guidelines range of 92–115 months. Sentencing Tr. at 2 ("[W]e don't have any factual objections to the PSR. Both the government and the defendant are in agreement on the guideline calculation of the 92 months."). As we have explained in discussing the true waiver doctrine, "when defendants obtain 'precisely what they affirmatively sought, it ill behooves them now to complain' of error." *United States v. Quinones,* 511 F.3d at 321 (quoting *United States v. Ferguson,* 758 F.2d 843, 852 (2d Cir.1985)). Thus, we reject Blagojevic's claim of procedural error in the calculation of his Guidelines sentencing range as waived.

■ We note, moreover, that Blagojevic would secure no more relief on plain error review. The district court applied the challenged provisions in reliance upon the undisputed facts set forth in the PSR, and Blagojevic is now barred from challenging those facts on appeal. *See* Fed.R.Crim.P. 32(i)(3)(A) ("At sentencing, the court … may accept any undisputed portion of the presentence report as a finding of fact."); *United States v. Fagans,* 406 F.3d 138, 142 (2d Cir.2005) ("Since the Defendant made no objection to the facts contained in the PSR, the fact [contained therein] may be taken as admitted."); *United States v. Rizzo,* 349 F.3d 94, 99 (2d Cir.2003) ("[I]f a defendant fails to challenge factual matters contained in the presentence report at the time of sentencing, the defendant waives the right to contest them on appeal.").

■ Specifically, the district court applied U.S.S.G. § 2B3.1(b)(2)(F) in light of the victim's statement that she interpreted the robbers' order to stay in the back or they would return and "get her" as a death threat. PSR at 6 ¶ 25. Blagojevic does not dispute the victim's account of what was said, only the reasonableness of her inference. *See* U.S.S.G. § 2B3.1(b)(2)(F) cmt. 6 ("[T]he intent of this provision is to provide an increased offense level for cases in which the offender(s) engaged in conduct that would instill in a reasonable person, who is a victim of the offense, a fear of death."). Because we conclude that the inference was fairly supported by the totality of the circumstances, Blagojevic fails to demonstrate any error, much less plain error, in the application of § 2B3.1(b)(2)(F).

■ A similar conclusion obtains with respect to § 2B3.1(b)(7)(C). Because Blagojevic failed to challenge the PSR's calculation that the stolen merchandise was worth $140,000, *see* PSR at 5 ¶ 18, that becomes an undisputed fact upon which the district court was entitled to rely in assessing loss. *See United States v. Fagans,* 406 F.3d at 142. Moreover, Blagojevic does not dispute that the robbers stole 30–40 diamond rings. Whatever questions Blagojevic might now raise as to how these rings came to be valued at $140,000, it is so plainly more likely than not that their value exceeded $50,000 as to preclude our finding plain error. *See United States v. Irving,* 554 F.3d 64, 72 (2d Cir.2009) ("The burden of proving a fact relevant to sentencing is on the government, which must prove the fact 'by a preponderance of the evidence.' ").

■ Finally, Blagojevic submits that the district court erred in finding that, even after recovery of the stolen jewelry, the victim sustained an actual loss of $15,000, and in ordering him to pay restitution in half that amount. We disagree. The

$15,000 loss calculation was set forth in the PSR and was unchallenged before the district court. *See* PSR at 5 ¶ 18. The calculation was reasonably informed by two unchallenged facts also contained in the PSR: (1) the trauma of the January 24, 2007 robbery prompted the victim to close her store for a short time, and (2) that closing resulted in the victim not operating during the profitable weeks immediately prior to Valentine's Day. *See* PSR at 5 ¶¶ 18–20. Under these circumstances, we identify no plain error in the district court's determination that the robbery was a proximate cause of the closing and that the closing caused the victim to lose $15,000 in profits.[2]

Because we reject Blagojevic's sentencing challenges, the judgment of conviction is hereby AFFIRMED.

---

**2.** We need not here decide whether to adopt the Ninth Circuit's reasoning in *United States v. Tyler*, 767 F.2d 1350 (9th Cir.1985), cited by Blagojevic. That case is distinguishable both because it involved a different restitution statute and because the government's delay in returning the property at issue exceeded a year.