**UNITED STATES of America,**
**Appellee,**

v.

**Nick MENDS, also known as Rodney David, Defendant–Appellant.**

**No. 08–0158–CR.**

United States Court of Appeals,
Second Circuit.

Sept. 17, 2009.

Roland Acevedo, Seiff, Kretz & Abercrombie, New York, NY, for Appellee.

Elizabeth A. Geddes, Assistant United States Attorney (David C. James, Assistant United States Attorney, on the brief) for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Defendant–Appellant.

Present: B.D. PARKER, Circuit Judge, CHARLES S. HAIGHT, JR.,\* District Judge.\*\*

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that defendant's guilty plea on count two for aggravated identity theft is vacated and the case remanded for further proceedings.

remaining members of the panel, who are in agreement, have determined this matter. *See* 28 U.S.C. § 46(d); Local Rule 0.14(2); *United States v. Desimone,* 140 F.3d 457 (2d Cir. 1998).

**896**

Defendant Nick Mends appeals from a January 7, 2008 judgment of the United States District Court for the Eastern District of New York (Gershon, *J.*) convicting him, upon his plea of guilty, of (1) making a false statement on a passport in violation of 18 U.S.C. § 1542, and (2) aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). Mends was principally sentenced to consecutive sentences of one month of imprisonment on the false-passport count, and twenty-four months of incarceration on the count of aggravated identity theft. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

Mends argues that, to be convicted of aggravated identity theft, he must have known that the "means of identification" that he unlawfully transferred, possessed or used, belonged to "another person" under 18 U.S.C. § 1028A(a)(1). Mends asserts that the district court erred in accepting his guilty plea because he did not allocute to possessing knowledge that the individual whose identity was used in obtaining the false passport was an actual individual. The Supreme Court recently agreed with Mends's position in *Flores–Figueroa v. United States,* —— U.S. ——, 129 S.Ct. 1886, 173 L.Ed.2d 853 (2009). It held that " § 1028Aa(1) requires the Government to show that the defendant knew that the means of identification at issue belonged to another person." *Id.* at 1894. In light of this decision, the government now agrees that Mends's guilty plea for aggravated identity theft should be vacated.

For the foregoing reasons, we VACATE Mends's guilty plea to aggravated identity theft and REMAND to the district court

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former

for further proceedings consistent with this order.