09-5361-cr
USA v. Mends

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of March, two thousand eleven.

Present:
     AMALYA L. KEARSE,
     ROBERT D. SACK,
     ROBERT A. KATZMANN,
          *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

          *Appellee*,

          v.                                    No. 09-5361-cr

NICK MENDS, also known as Rodney David,

          *Defendant-Appellant*.

_____

For Defendant-Appellant:          MARSHALL A. MINTZ, Mintz & Oppenheim LLP, New York, N.Y.

For Appellee:          ELIZABETH A. GEDDES, Assistant United States Attorney (David C. James, Assistant United States Attorney, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Gershon, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the amended judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** for resentencing.

Defendant-Appellant Nick Mends appeals from a December 15, 2009 amended judgment of conviction entered by the United States District Court for the Eastern District of New York (Gershon, *J.*). On January 7, 2008, Mends was convicted, following his guilty plea, of one count of using a passport secured by a false statement in violation of 18 U.S.C. § 1542 ("Count One") and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) ("Count Two"). He was sentenced principally to one month's imprisonment for Count One and a mandatory consecutive term of two years' imprisonment for Count Two. Mends appealed from this judgment, and in light of the Supreme Court's decision in *Flores-Figueroa v. United States*, 129 S. Ct. 1886 (2009), this court vacated Mends's guilty plea to Count Two and remanded the case for further proceedings. *United States v. Mends*, 331 F. App'x 895 (2d Cir. 2009) (summary order). On remand, the government moved to dismiss Count Two, and the district court then resentenced Mends on Count One to a term of imprisonment of "time served" and to a two-year term of supervised release. We presume the parties' familiarity with the facts and remaining procedural history of this case.

On this appeal, Mends challenges both the sentence of time served and the validity of his plea of guilty to Count One. We turn first to Mends's arguments directed toward the guilty plea.

Rule 11(b)(3) of the Federal Rules of Criminal Procedure provides that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea."

2

The court must also "inform the defendant of, and determine that the defendant understands, . . . the nature of each charge to which the defendant is pleading." Fed. R. Crim. P. 11(b)(1)(G). We have observed that the "overarching requirement" imposed by Rule 11 "is that the court 'assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty.'" *United States v. Garcia*, 587 F.3d 509, 514 (2d Cir. 2009) (quoting *United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir. 1997)).

As a preliminary matter, we note that the law of the case doctrine limits our consideration of this challenge. This doctrine generally obligates us to adhere to our own rulings made in earlier stages of the same litigation, and applies in particular when "a decision made at a previous stage of litigation . . . could have been challenged in the ensuing appeal but was not." *United States v. Ben Zvi*, 242 F.3d 89, 96 (2d Cir. 2001) (quoting *Cnty. of Suffolk v. Stone & Webster Eng'g Corp.*, 106 F.3d 1112, 1117 (2d Cir. 1997)). Here, the validity of Mends's guilty plea to Count One was ripe for review at the time of his first appeal, but the brief filed by Mends's prior appointed counsel addressed only the Count Two conviction.[1] We have stated, however, that this doctrine may be relaxed if there are "cogent or compelling reasons to deviate, such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *United States v. Uccio*, 940 F.2d 753, 758

---

[1] We recognize that Mends himself attempted to challenge his plea to Count One in *pro se* submissions that were received by the Clerk of Court, and Mends's prior counsel variously expressed that he had no objection to Mends's filing a supplemental *pro se* brief and that he "concur[red]" in Mends's *pro se* arguments regarding his plea to Count One. Gov't App. 1. However, the Clerk advised prior counsel that further action was needed before Mends's submissions could be filed with the court as a supplemental brief, and prior counsel in turn notified Mends that his brief had not been accepted by the court because Mends was represented by counsel. The summary order vacating the guilty plea to Count Two and remanding for further proceedings made no reference to Count One, yet no petition for rehearing was filed.

3

(2d Cir. 1991) (internal quotation marks omitted).

For the following reasons, we conclude that none of these extraordinary circumstances is present, in that there was no plain error[2] or manifest injustice in the district court's acceptance of Mends's plea of guilty to Count One. Mends's claim of error in this regard is twofold, and requires consideration of the text of the statute under which he was convicted, 18 U.S.C. § 1542.[3] Mends was charged with violating the second paragraph quoted in the margin, which we have referred to as the "use" prong, as opposed to the first paragraph, which we have dubbed the "securing" prong. *See United States v. Jean-Baptiste*, 166 F.3d 102, 111 (2d Cir. 1999). In challenging his guilty plea, Mends first contends that the entry of the plea was plainly erroneous because there was no factual basis to conclude that he himself made the false statement by reason of which his passport was secured, which, he asserts, is a necessary element of the "use"

---

[2] Even notwithstanding the application of the law of the case doctrine, we would review this challenge for plain error. *See, e.g.*, *United States v. Torrellas*, 455 F.3d 96, 103 (2d Cir. 2006). "For plain error, we must find (1) error, (2) that is plain, and (3) that affects substantial rights; if these three conditions are met, we have discretion to notice the forfeited error only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Dorvee*, 616 F.3d 174, 180 n.2 (2d Cir. 2010). "In assessing the likely effect of a Rule 11 error, we are to examine the entire record." *Torrellas*, 455 F.3d at 103.

[3] Title 18, Section 1542 of the United States Code provides:

Whoever willfully and knowingly makes any false statement in an application for passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws; or

Whoever willfully and knowingly uses or attempts to use, or furnishes to another for use any passport the issue of which was secured in any way by reason of any false statement—

Shall be [guilty of a crime.]

4

prong.

We assume *arguendo* that the factual basis of Mends's plea was insufficient to conclude that he personally made the false statements resulting in the issuance of his passport, but we see no plain error in the district court's failure to adopt the interpretation of the "use" prong urged by Mends for the first time on this appeal. "Statutory construction begins with the plain text, and, where the statutory language provides a clear answer, it ends there as well." *Raila v. United States*, 355 F.3d 118, 120 (2d Cir. 2004) (internal quotation marks omitted). Here, there are significant textual differences between the "securing" and "use" prongs with respect to their treatment of who must make the false statement. Whereas the former prong makes clear that the person charged with the "securing" offense must make the false statement, the latter is phrased expansively and in the passive voice ("was secured in any way by reason of any false statement"), thus suggesting that Congress did not intend for any such limitation on who must make the statement to apply to the "use" prong. Nor is there any Supreme Court or circuit precedent compelling Mends's construction. Rather, the Supreme Court, in construing a similar predecessor statute, has noted that "[t]he [statute's] balanced form . . . shows that the Congress viewed with concern and punished with equal severity the securing of passports by false statements and their use," and held without further limitation that "[t]he crime of 'use' is complete when the passport . . . obtained [by a false statement] is used willfully and knowingly." *Browder v. United States*, 312 U.S. 335, 337, 341 (1941). While these statements in *Browder* do not squarely foreclose Mends's argument, and although this circuit has never directly spoken on the validity of the interpretation that Mends is advancing, we have in other respects "decline[d] to add an element to the § 1542 offense that is not reflected in the language of the statute." *Jean-*

5

*Baptiste*, 166 F.3d at 111; *see also United States v. Hasan*, 586 F.3d 161, 167 (2d Cir. 2009).

Accordingly, we are not persuaded that the district court plainly erred by accepting Mends's plea despite the lack of evidence that Mends personally made the false statements on the passport application.[4]

Second, Mends argues that there was an insufficient factual basis to conclude that he used the passport within the meaning of the statute as opposed to merely possessing it. We detect no error, plain or otherwise, in this regard. *See Browder*, 312 U.S. at 339-40 (presentation of passport to facilitate reentry to the United States is sufficient to establish "use"). Mends was charged with "willfully and knowingly us[ing] *and attempt[ing] to use*" a passport obtained by false statements. App. 11 (emphasis added). During his plea allocution, Mends admitted that he flew from Ghana to the United States, had a passport containing his photograph and another person's identifying information in his possession, and was apprehended upon deplaning. The record was therefore sufficient to support the entry of a guilty plea for the attempt offense.[5]

---

[4] We acknowledge that Mends's interpretation is supported by Judge Sand's *Modern Federal Jury Instructions—Criminal*, which we have commended as the "leading treatise on the subject," *United States v. Sabhnani*, 599 F.3d 215, 238 (2d Cir. 2010). *See* 2 Leonard B. Sand et al., *Modern Federal Jury Instructions—Criminal* ¶ 47.04, at 47-25 ("[T]he government must prove that *defendant* made a false statement in the application that resulted in the issuance of the passport used by defendant." (emphasis added)). However, the inconsistency between this instruction and the contrary interpretation implicitly relied on by the district court does not by itself establish plain error: this treatise does not have the status of controlling law, *cf. United States v. Polouizzi*, 564 F.3d 142, 156 (2d Cir. 2009) ("An error is 'plain' if the ruling was contrary to law that was clearly established by the time of the appeal." (internal quotation marks omitted)), and the instruction at issue provides no explanation for why it reads the "use" prong in this way.

[5] We are aware that Mends has asserted a similar challenge to the factual basis of his guilty plea to Count One in his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2255. The district court dismissed this petition without prejudice while Mends's first appeal was pending, and denied Mends's motion to re-file given the pendency of the instant appeal.

We next consider Mends's challenge to his resentencing on Count One. The government asserts that we cannot address this challenge because Mends has completed his terms of imprisonment and supervised release, thus rendering the sentencing appeal moot. Mends responds that the length of the sentence imposed could materially affect his prospects of obtaining a discretionary waiver of inadmissibility under section 212(d)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1182(d)(3). Under the law of this circuit, this potentiality provides the defendant with a "personal stake" in the outcome of the litigation that is sufficient to satisfy the case or controversy requirement of Article III of the Constitution. *United States v. Hamdi*, 432 F.3d 115, 121 (2d Cir. 2005).

As to the merits, the government concedes that the district court committed procedural error by resentencing Mends to "time served," which amounted to approximately twenty-two months in custody. *See United States v. D'Oliveira*, 402 F.3d 130, 132 (2d Cir. 2005). Yet, according to the United States Sentencing Guidelines ("Guidelines") calculations adopted by the district court, the Guidelines range for this offense was only eight to fourteen months. Thus, the district court in effect granted a substantial upward departure or variance, but with no explanation of its reasons for doing so. Indeed, given that the district court in its written statement of reasons erroneously indicated that the sentence it imposed was within the Guidelines range, it appears that the imposition of an above-Guidelines sentence may have been an oversight. For these reasons, we agree with the government that the sentence of time served

---

While our ruling here precludes any further collateral challenge to the factual basis of Mends's plea, we express no view on the merits of the other claims advanced in Mends's proposed § 2255 petition or in his motion for a new trial pursuant to Rule 33, which the district court has held in abeyance pending the outcome of this appeal.

was procedurally flawed and that we must vacate and remand for resentencing.

We conclude by addressing Mends's arguments regarding the scope of his resentencing on Count One. Mends contends that the Double Jeopardy Clause precludes the imposition of any sentence in excess of the one month's imprisonment that the district court initially imposed. As Mends acknowledges, while the Double Jeopardy Clause in certain circumstances prohibits the enhancement of a defendant's sentence, the defendant must have "a legitimate expectation of finality in the original sentence" for the clause to apply. *United States v. Bryce*, 287 F.3d 249, 254 (2d Cir. 2002) (internal quotation marks omitted). We have clarified that a defendant lacks any such expectation when he challenges on appeal the conviction underlying the sentence at issue, because succeeding on that appeal could result in a retrial, conviction, and resentencing, thus undermining any settled expectation in the original sentence's finality. *Id.* at 255. Here, even if there is some question as to whether Mends should be treated as having attacked the Count One conviction on his first appeal, he is certainly doing so in this appeal, and for that reason, he lacks a constitutionally significant expectation of finality in the one-month sentence. Therefore, the Double Jeopardy Clause does not preclude a sentence of higher than one month on Count One in the event that the district court, in its sound discretion, decides that such a sentence is warranted.

Finally, Mends asserts that the scope of the mandate of the prior decision of this court did not permit his resentencing on Count One. This is incorrect. This circuit has adopted a "'default rule' that resentencing is required where part of a conviction is reversed on appeal." *United States v. Rigas*, 583 F.3d 108, 117 (2d Cir. 2009); *see also United States v. Quintieri*, 306 F.3d 1217, 1227-28 (2d Cir. 2002). Under this rule, following the prior panel's vacatur of the

8

conviction on Count Two, the district court was required to resentence Mends *de novo* on Count One. We now remand so that the district court may properly complete this task.[6]

We have considered Mends's remaining arguments and find them to be either without merit or moot in light of our decision to remand for *de novo* resentencing. Accordingly, for the foregoing reasons, the amended judgment of the district court is **AFFIRMED** in all respects except that the sentence imposed on Count One is **VACATED** and the case is **REMANDED** for resentencing consistent with this order.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK

---

[6] We note that the aggravated identity theft statute provides that "in determining any term of imprisonment to be imposed for the [underlying] felony" — here, Count One — the district court "shall not in any way reduce the term to be imposed for such crime so as to compensate for, or otherwise take into account" the two-year mandatory consecutive sentence for the aggravated identity theft offense. 18 U.S.C. § 1028A(b)(3). We presume that the district court considered this instruction in initially imposing the one-month sentence on Count One, but it does not necessarily follow that the same sentence must be imposed on remand, as a *de novo* resentencing requires the district court to "confront the offenses of conviction and facts anew." *Quintieri*, 306 F.3d at 1228. Moreover, it appears that the Guidelines offense level calculation for Count One must now incorporate the four-level enhancement set forth in U.S.S.G. § 2L2.2(b)(3)(A), which was unavailable while Mends stood convicted of Count Two, *see* U.S.S.G. § 2B1.6 cmt. n.2.