*United States v. Perez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of December, two thousand eighteen.

Present:
> AMALYA L. KEARSE,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

   *Appellee*,

  v.              17-260

RAYMUNDO PEREZ,
   *Defendant-Appellant*.

---

| | |
|---|---|
| For Defendant-Appellant: | RANDALL D. UNGER, ESQ., Bayside, NY. |
| For Appellee: | EMILY BERGER, MOIRA KIM PENZA, Assistant U.S. Attorneys, *for* Richard P. Donaghue, United States Attorney for the Eastern District of New York, Brooklyn, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Johnson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Raymundo Perez ("Perez") appeals from a sentence entered on November 1, 2016, in the United States District Court for the Eastern District of New York. Perez pled guilty to illegal reentry after deportation, 8 U.S.C. § 1326(a) and § (b)(2), and upon his request was sentenced to time served—33 months. The applicable Guidelines range was 24 to 30 months. Perez argues that the district court committed procedural error by sentencing him to 33 months without explaining the reasons for the departure from the applicable Guidelines range. Although Perez has already been released from federal custody, he is challenging his sentence because the "length of his sentence 'could materially affect his prospects of obtaining a discretionary waiver of inadmissibility under section 212(d)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1182(d)(3).'" App. Br. 10–11 (quoting *United States v. Mends*, 412 F. App'x 370, 374 (2d Cir. 2011)). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We conclude that Perez waived his right to challenge his sentence. If a "party consciously refrains from objecting as a tactical matter, then that action constitutes a true 'waiver,' which will negate even plain error review." *United States v. Yu-Leung*, 51 F.3d 1116, 1122 (2d Cir. 1995). We can find waiver either (1) where a party expressly waives an objection, *United States v. Weiss*, 930 F.2d 185, 198 (2d Cir. 1991), or (2) where we *infer* a party's decision to waive from the circumstances, *United States v. Coonan*, 938 F.2d 1553, 1561 (2d Cir. 1991). This Court has repeatedly found that the waiver doctrine applies in the sentencing context. *See, e.g.*, *United States v. Blagojevic*, 331 F. App'x 791, 793 (2d Cir. 2009) (determining that defendant had waived claim on appeal that the district court procedurally erred in calculating his Guidelines sentence because

2

defendant "not only . . . [had] no objections" below, but also "agreed to" the Guidelines range); *United States v. Quinones*, 511 F.3d 289, 321 (2d Cir. 2007) ("A finding of true waiver applies with even more force when . . . defendants not only failed to object to what they now describe as error, but they actively solicited it, in order to procure a perceived sentencing benefit.").

Here, Perez explicitly requested a sentence of time served in his sentencing memorandum, despite the fact that he had already served 33 months in prison and the sentence would thus be "three months longer than the upper limit of his Guidelines calculation." A-55. He sought time served to avoid "[a] sentence of even further incarceration" and to ensure that he could quickly "begin rebuilding his life back in his country of birth." A-56. The court gave him "precisely what [he] affirmatively sought." *United States v. Ferguson*, 758 F.2d 843, 852 (2d Cir. 1985). That is enough to resolve this case.

This Court's decision in *United States v. Mends* does not bolster Perez's position. There, we vacated and remanded the defendant's sentence as to one count because the "district court in effect granted a substantial upward departure or variance, but with no explanation of its reasons for doing so." *Mends*, 412 F. App'x at 374. In *Mends*, however, we did not find that the defendant had waived his right to object to his sentence by affirmatively requesting the sentence ultimately imposed. *See id.* Here, on the other hand, by requesting time served, Perez *did* waive his objection.

\*     \*     \*

We have considered Perez's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3