10-1910-cr
United States v. Yepes-Casas

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of August, two thousand twelve.

PRESENT: DENNIS JACOBS,
                              **Chief Judge**,
            AMAYLA L. KEARSE,
            JOSEPH M. McLAUGHLIN,
                              **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - - -X

UNITES STATES OF AMERICA,
        **Appellee**,

        **-v.-**                                    **10-1910-cr**

HECTOR VIDAL YEPES-CASAS,
        **Defendant-Appellant**.
- - - - - - - - - - - - - - - - - - - - -

FOR APPELLANT:          JESSE M. SIEGEL, New York, NY.

FOR APPELLEE:           BONNIE S. KLAPPER (Peter A. Norling, *on the brief*), *for* Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, NY.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **VACATED AND REMANDED.**

Defendant Hector Yidal Yepes-Casas ("Yepes") appeals from a judgment of the United States District Court for the Eastern District of New York (Cogan, J.), sentencing him to 35 years in prison following his guilty plea. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**[1]** Yepes pled guilty to a sixteen-count second superseding indictment on April 16, 2009. As a result of an apparent oversight by the district court, the government, and defense counsel, he was sentenced on the basis of an eighteen-count fourth superseding indictment. Both parties agree that Yepes's conviction must be vacated as to Counts Sixteen and Seventeen, which did not appear in the indictment to which Yepes pled guilty. Yepes did not acknowledge involvement in any narcotics trafficking in March 2007, the subject of Counts Sixteen and Seventeen. Since as to any given count Yepes could not be convicted except upon his plea of guilty or a determination of his guilt by the trier of fact after trial, his conviction on Counts Sixteen and Seventeen must be vacated.

**[2]** The government acknowledges the error, but maintains that re-sentencing is not required because the additional charges "can hardly be said to have been material to the sentencing decision." However, this Circuit's recent precedent is unequivocal: any "conviction error" requires a *de novo* re-sentencing. See United States v. Rigas, 583 F.3d 108, 117 (2d Cir. 2009) (emphasis omitted). Accordingly, Yepes must be re-sentenced *de novo*, which requires the district court to consider, as to each count of conviction, whether the vacated conviction changes how the remaining counts were sentenced, and the effect on the aggregate sentence:

> [A] district court that is required to resentence *de novo* must reconsider the sentences imposed on each count, as well as the aggregate sentence. In such circumstances, the court should determine whether the

"change[]" in the "constellation of offenses of conviction" has "altered" the "factual mosaic related to those offenses."  [United States v. Quintieri, 306 F.3d 1217, 1227-28 (2d Cir. 2002)].  If so, the court must reconsider the sentence imposed on the count or counts affected by the vacatur of the conviction of another count, as well as on the aggregate sentence, in light of the sentencing factors in § 3553(a). If the court determines that the "factual mosaic" related to a count of conviction has not been altered, no further proceeding as to that count is necessary, except to the extent it affects the aggregate sentence.

Rigas, 583 F.3d at 118-19.

**[3]** Because we vacate Yepes's conviction and sentence on other grounds, we do not now address his contention that the sentence is substantively unreasonable.

    For the foregoing reasons, we hereby **VACATE** Counts Sixteen and Seventeen of the conviction, **VACATE** the sentence imposed, and remand for re-sentencing on the remaining counts.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK