12-3040-cr
United States v. Moreno-Montenegro

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand thirteen.

Present:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> RALPH K. WINTER,
> GUIDO CALABRESI,
> > *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                        No. 12-3040-cr

JOSE EMILIANO MORENO-MONTENEGRO,

> *Defendant-Appellant*.

---

For Appellee:             David C. James and Margaret Lee, Assistant United States
                          Attorneys *for* Loretta E. Lynch, United States Attorney for the
                          Eastern District of New York, Brooklyn, N.Y.

For Defendant-Appellant:  Steven Y. Yurowitz, New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Dearie, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED IN PART**, and the case is **REMANDED**.

Defendant-Appellant Jose Emiliano Moreno-Montenegro appeals from a judgment of conviction and sentence entered on July 24, 2012 by the United States District Court for the Eastern District of New York (Dearie, *J.*). On August 11, 2011, Moreno-Montenegro pled guilty to one count of conspiracy to import heroin into the United States in violation of 21 U.S.C. §§ 963, 960(a)(1), 960(b)(1)(A), & 952(a), and one count of conspiracy to distribute heroin intending that it would be unlawfully imported into the United States in violation of 21 U.S.C. § 963, 960(a)(3), 960(b)(1)(A) & 959(a)(1). On May 24, 2012, the district court sentenced Moreno-Montenegro principally to 78 months' imprisonment, to run concurrently on each count, followed by five years' supervised release. On appeal, Moreno-Montenegro argues that his separate convictions and sentences on both counts of the indictment violate the Double Jeopardy Clause of the Fifth Amendment. He also argues that the district court erred at sentencing by failing to properly consider his claim of economic duress. We presume the parties' familiarity with the relevant facts, procedural history, and issues presented for review.

We review a Double Jeopardy claim raised for the first time on appeal for plain error. *See United States v. Polouizzi*, 564 F.3d 142, 153–54 (2d Cir. 2009). To establish plain error, an appellant must show "(1) error, (2) that is plain, and (3) that affects substantial rights." *Id.* at 154 (quoting *Johnson v. United States*, 520 U.S. 461, 467 (1997)) (internal quotation marks and alternations omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *Johnson*, 520 U.S. at 467)

2

(internal quotation marks omitted). We conclude that Moreno-Montenegro has met these stringent requirements here.

The Double Jeopardy Clause "prohibits multiple punishments for the same offense," *United States v. Weingarten*, 713 F.3d 704, 708 (2d Cir. 2013), and it is well established that "[a] single agreement to commit several crimes constitutes one conspiracy," *United States v. Broce*, 488 U.S. 563, 570–71 (1989). In this case, it is clear from the record of Moreno-Montenegro's plea that he entered into only one conspiratorial agreement, albeit with multiple unlawful objects. At the plea colloquy, Moreno-Montenegro described his offense conduct as follows:

> I agreed with Fercelo (ph) . . . . He had some drugs that were ready here, so I was going to introduce him to Jessica so that she could sell them and he would give me a commission of $6,000. . . . Ferselo (ph) and I discussed the fact that he had eleven or more kilos of heroin for import, I actually didn't see them, however, he talked about it, he told me he had them and said to him, oh well, Jessica needs some, I introduced them over the phone, they talked and agreed . . . .

App. 12. There is no evidence in the record suggesting that Moreno-Montenegro participated in more than one conspiracy. Indeed, even Government's brief on appeal speaks in terms of a single conspiracy. *See* Br. for the United States 20 (explaining that Moreno-Montenegro participated in "a multifaceted conspiracy with Fercho and others"); *id.* at 21 ("As detailed in the [Presentence Report], Moreno-Montenegro engaged in a conspiracy both to import heroin into the United States and to distribute heroin abroad with the intent that it would be imported into the United States.").

The Government argues that Moreno-Montenegro waived his rights under the Double Jeopardy Clause by pleading guilty to both counts of the indictment. To be sure, "the rights afforded by the Double Jeopardy Clause are personal and can be waived by a defendant," *United States v. Mortimer,* 52 F.3d 429, 435 (2d Cir. 1995), but a "narrow exception to the waiver rule" applies "when a double jeopardy claim is so apparent either on the face of the indictment or on

3

the record existing at the time of the plea that the presiding judge should have noticed it and rejected the defendant's offer to plead guilty to both charges," *United States v. Kurti,* 427 F.3d 159, 162 (2d Cir. 2005); *see also Broce*, 488 U.S. at 575–76 (discussing this exception). Here, the double jeopardy violation is apparent from the record at the plea colloquy, which provides no basis for concluding that the Moreno-Montenegro entered into more than one unlawful agreement. This case thus falls squarely within the exception to the general waiver rule.

Having found an error that is unexcused by waiver, we turn to whether the requirements for plain error have been satisfied. "An error is 'plain' if the ruling was contrary to law that was clearly established by the time of the appeal." *United States v. Irving*, 554 F.3d 64, 78 (2d Cir. 2009). The principle that a single agreement to commit multiple crimes constitutes a single conspiracy is well settled and has been applied by this Court on numerous occasions in numerous contexts. *See, e.g.*, *United States v. Jones*, 482 F.3d 60, 72 (2d Cir. 2006); *United States v. Pressley*, 469 F.3d 63, 65 (2d Cir. 2006). The error here was plain.

In addition, the error also affects Moreno-Montenegro's substantial rights. As the Supreme Court has explained, "separate *conviction*[*s*], apart from the concurrent sentence[s], ha[ve] potential adverse collateral consequences that may not be ignored." *Ball v. United States*, 470 U.S. 856, 865 (1985). Moreno-Montenegro's second conviction also carried a second special assessment, which could not have been imposed absent the double jeopardy error. *See Rutledge v. United States*, 517 U.S. 292, 301–03 (1996).

Finally, the error here seriously affects the fairness, integrity, and public reputation of judicial proceedings. "When 'a federal court exceeds its own authority by imposing punishments not authorized by Congress, it violates not only the specific guarantee against double jeopardy, but also the constitutional principle of separation of powers in a manner that trenches

4

particularly harshly on individual liberty.'" *United States v. Gore*, 154 F.3d 34, 48 (2d Cir. 1998) (quoting *Whalen v. United States*, 445 U.S. 684, 689 (1980)). We accordingly exercise our discretion and notice the forfeited error.

With respect to the appropriate remedy, Moreno-Montenegro requests a remand for *de novo* resentencing, contending that vacating one of his convictions "'effectively undoes the entire knot of calculation' underlying the original sentencing." *United States v. Barresi*, 361 F.3d 666, 672 (2d Cir. 2004) (quoting *United States v. Quintieri*, 306 F.3d 1217, 1228 (2d Cir. 2002). We disagree. The two offenses here were considered together throughout the proceedings below, and the district court ultimately imposed identical concurrent sentences for both counts. Moreover, as explained below, we find no other error in the defendant's sentencing. In accordance with our practice in such circumstances, we accordingly will remand with instructions for the district court to vacate the conviction on one of the two counts and to enter an amended judgment. *See, e.g.*, *United States v. Miller*, 116 F.3d 641, 685 (2d Cir. 1997).

In addition to his double jeopardy claim, Moreno-Montenegro also argues that the district court erred at sentencing by failing to properly consider his claim of economic duress. We review criminal sentences under an abuse-of-discretion standard for procedural and substantive reasonableness. *United States v. Cavera*, 550 F.3d 180, 187, 189 (2008) (en banc). A sentence is procedurally unreasonable where the district court "commit[s] [a] significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States,* 552 U.S. 38, 51 (2007). A sentence is substantively unreasonable "only in exceptional cases where the trial court's decision 'cannot be located

5

within the range of permissible decisions.'" *Cavera,* 550 F.3d at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)).

Here, Moreno-Montenegro contends that the district court committed two procedural errors. First, he argues that the district court "imposed an impermissible burden" by improperly "requiring" the defendant to corroborate his claim that he was extorted by Colombian guerrillas. Appellant's Br. 17, 18. The record, however, shows that district court did not in fact require Moreno-Montenegro to provide corroboration in order to have his claim of economic duress considered. Rather, the district court merely noted the lack of corroboration in deciding how much weight to accord the defendant's claims. "The particular weight to be afforded aggravating and mitigating factors 'is a matter firmly committed to the discretion of the sentencing judge.'" *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (quoting *United States v. Fernandez*, 443 F.3d 19, 32 (2d Cir. 2006)).

Second, Moreno-Montenegro claims that the district court's response to his extortion claims—in which the court stated, "you won't be surprised to hear me say it doesn't justify this kind of seriously criminal conduct," App. 32—shows that the court improperly regarded his duress claim as a complete defense rather than a mitigating sentencing factor. This argument is belied by the remainder of the record. At the time of sentencing, Moreno-Montenegro had already pled guilty, and the district court was fully aware that it was presiding over a sentencing, and not a bench trial, motion to withdraw a guilty plea, or the like. And absent unusual circumstances, "sentencing courts are presumed to know and follow the applicable sentencing law." *United States v. Regalado*, 518 F.3d 143, 148 (2d Cir. 2008) (per curiam). There was no procedural error here.

To the extent Moreno-Montenegro challenges the substantive reasonableness of his sentence, that challenge is without merit. In light of the § 3553(a) factors and the record at

6

sentencing, the district court's below-Guidelines sentence easily falls within the range of permissible decisions under the circumstances. *See United States v. Friedberg*, 558 F.3d 131, 137 (2d Cir. 2009) ("[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." (quoting *United States v. Eberhard*, 525 F.3d 175, 179 (2d Cir. 2008))).

We have considered all of the parties' remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED IN PART**, and the case is **REMANDED** with instructions for the district court to vacate the conviction on one of the two counts and to enter an amended judgment.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK