15-1305-cr
United States v. Rosario

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 16th day of June, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
             SUSAN L. CARNEY,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

             v.                                          15-1305-cr

ANTONIO ROSARIO, AKA Chickee,

                     *Defendant-Appellant*.[1]

_____

Appearing for Appellant:     George T. Conway III (David B. Anders, Justin V. Rodriguez, Dana J. Brusca, *on the brief*), Wachtell, Lipton, Rosen & Katz, New York, NY.

Appearing for Appellee:     Margaret Graham, Assistant United States Attorney (Michael A. Levy, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

_____

[1] The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

Appeal from the United States District Court for the Southern District of New York (Caproni, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-appellant Antonio Rosario appeals the judgment of the United States District Court for the Southern District of New York (Caproni, *J.*), convicting him of one count of conspiracy to commit Hobbs Act robbery and one count of committing a Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and one count of using, carrying, and brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). At sentencing, the district court calculated Rosario's Guidelines range to be 77 to 96 months' imprisonment on Count One, conspiracy to commit Hobbs Act robbery, and Count Two, committing a Hobbs Act robbery, and held that Count Three, using, carrying and brandishing a firearm in relation to a crime of violence, carried an 84-month mandatory consecutive sentence. The court sentenced Rosario to 96 months' imprisonment on Counts One and Two, to run concurrently, and to a consecutive 84-month term of imprisonment for Count Three, for a total of 180 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Rosario first challenges the district court's supplemental instruction on aiding and abetting liability as to Count Two, in response to a note from the jury, because the case had not been tried on an aiding and abetting theory. Even assuming that the supplemental jury instruction should not have been given, any error was harmless. The jury's note concerned only Count Two, and the supplemental aiding and abetting instruction given expressly concerned Count Two. But Rosario was also convicted of Count Three, brandishing a firearm in relation to a crime of violence, a charge for which no aiding and abetting instruction was given. The jury therefore found Rosario guilty of Count Three as a principal, since Rosario's contention that the jury may have erroneously applied the aiding and abetting instruction to Count Three is without basis. Under the facts of this case, where brandishing a firearm constituted the act of a principal, the jury's verdict as to Count Three demonstrates that the jury necessarily also found Rosario guilty of Count Two as a principal, not as an aider and abettor. *See United States* v. *Pabon-Cruz*, 391 F.3d 86, 96-97 (2d Cir. 2004); *United States* v. *Malpeso*, 115 F.3d 155, 166 (2d Cir. 1997); *United States* v. *Pimentel*, 83 F.3d 55, 60 (2d Cir. 1996).

Rosario next challenges two statements made by the Assistant United States Attorney ("AUSA") in summation, claiming that they improperly commented on Rosario's silence. "A defendant bears a substantial burden in arguing for reversal on the basis of prosecutorial misconduct in the summation," and "[f]laws in the government's summation will require a new trial only in the rare case in which improper statements—viewed against the entire argument to the jury—can be said to have deprived the defendant of a fair trial." *United States v. Caracappa*, 614 F.3d 30, 41 (2d Cir. 2010). "The test governing whether a prosecutor's statements amount to an improper comment on the accused's silence in violation of the Fifth Amendment looks at the statements in context and examines whether they naturally and necessarily would be interpreted

by the jury as a comment on the defendant's failure to testify." *United States v. Whitten*, 610 F.3d 168, 199 (2d Cir. 2010) (quoting *United States v. Knoll*, 16 F.3d 1313, 1323 (2d Cir. 1994)).

As noted, Rosario challenges two statements by the AUSA. First, in response to an argument from the defense that the cell site evidence was unreliable because the government had not introduced such evidence for the cooperating witness, which could have given the jury confidence in the reliability of the evidence, the AUSA stated, "And I want to address one thing. You don't have [the cooperating witness's] cell site. Fine. You know why you don't need it? Because she admitted to everything she did. You don't need her cell site data to tell you where she was because she sat up there and she told you. She told you where she was." App'x at 293. These comments would not naturally and necessarily be interpreted by the jury as a comment on the defendant's failure to testify, but rather as a response, albeit not entirely artful or on point, to the defense's argument. Second, the AUSA commented in summation on Rosario's post-arrest statement and whether his statement comported with what an innocent person would have said. Rosario's challenge to this comment suffers from two fatal flaws. First, the AUSA did not comment on Rosario's silence, but rather, the responses he gave. Second, this response was given after Rosario was read his *Miranda* rights, waived those rights, and chose to speak with investigators. *See United States v. Pitre*, 960 F.2d 1112, 1125-26 (2d Cir. 1992). The challenged comments by the AUSA therefore were not improper.

Finally, Rosario claims that his sentence was substantively unreasonable because his sentence was significantly longer than those of his co-defendants and that this amounted to a trial penalty. We review the district court's sentence under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (internal quotation marks omitted). In reviewing claims of substantive unreasonableness, we "take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Id.* at 190. "[W]e will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case" but "will instead set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* at 189 (emphasis and internal quotation marks omitted). Further, although we do not presume that a within-Guidelines sentence is reasonable, in the "overwhelming majority" of cases, it is. *United States v. Rodriguez*, 715 F.3d 451, 451 (2d Cir. 2013), *cert. denied*, 134 S. Ct. 1042 (2014).

Having considered the full record, as well as the sentencing transcript, we conclude that the district court did not abuse its discretion in sentencing Rosario to the top of the Guidelines range, despite the sentencing disparity that resulted. The district court thoughtfully considered Rosario's arguments regarding the sentencing disparity and explained why the disparity was warranted under these circumstances.

We have considered the remainder of Rosario's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk