15-3867-cr
*United States v. Powers*

# In the
# United States Court of Appeals
## for the Second Circuit

AUGUST TERM 2016

No. 15-3867-cr

UNITED STATES OF AMERICA,
*Appellee,*

v.

HEATH POWERS,
*Defendant- Appellant.*

On Appeal from the United States District Court
for the Northern District of New York

ARGUED: NOVEMBER 9, 2016
DECIDED: NOVEMBER 21, 2016

Before: CABRANES, POOLER, and PARKER, *Circuit Judges.*

Defendant-Appellant Heath Powers pleaded guilty to thirteen counts of child-pornography-related offenses and now appeals his judgment of conviction, challenging (1) the factual basis supporting his plea as to one of the thirteen counts and (2) the reasonableness of his 480-month (40-year) sentence of imprisonment. The Government concedes that the District Court (Mae A. D'Agostino, *Judge*) committed "plain error" by accepting Powers's plea to the count challenged on appeal and that Powers's conviction as to that count must be vacated, but argues that resentencing is unnecessary. We disagree with the Government with respect to the appropriate remedy. Because the error below was a so-called "conviction error," *de novo* resentencing is required.

Accordingly, we **REMAND** the cause to the District Court with instruction to vacate the erroneous count of conviction and for *de novo* resentencing.

Judge Pooler concurs in the judgment and opinion of the Court and files a concurring opinion.

————

MOLLY CORBETT (Lisa A. Peebles, *on the brief*), Office of the Federal Public Defender for the Northern District of New York, Albany, NY.

STEVEN D. CLYMER (Gwendolyn E. Carroll, *on the brief*), Assistant United States

2

Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

PER CURIAM:

Defendant-Appellant Heath Powers pleaded guilty to thirteen counts of child-pornography-related offenses and now appeals his judgment of conviction, challenging (1) the factual basis supporting his plea as to one of the thirteen counts and (2) the reasonableness of his 480-month (forty-year) sentence of imprisonment. The Government concedes that the District Court (Mae A. D'Agostino, *Judge*) committed "plain error" by accepting Powers's plea to the count challenged on appeal and that Powers's conviction as to that count must be vacated, but argues that resentencing is unnecessary. We disagree with the Government with respect to the appropriate remedy. Because the error below was a so-called "conviction error," *de novo* resentencing is required.

Accordingly, we **REMAND** the cause to the District Court with instruction to vacate the erroneous count of conviction and for *de novo* resentencing.

## BACKGROUND

While working as a babysitter, Powers took sexually explicit photos of, and engaged in sexual acts involving, a seven-year-old girl ("V-1"). On August 4, 2014, Powers took four pornographic

photographs of V-1. That same day, Powers connected with an undercover FBI agent through an online site used to swap pornographic pictures of children, and sent all four images to the agent. On August 5, 2014, Powers took seven more photographs of V-1 and, on August 7, 2014, sent four of these seven to the same undercover agent. One of the images in this second batch was unique; unlike the other images of V-1 (in either batch), it did not focus on the child's pubic area and instead "the child's bare chest [wa]s the focus of the image." PSR ¶ 9(a).

On August 10, 2014, Powers was babysitting when law enforcement agents executed a search warrant at the home of V-1. In the course of questioning, Powers admitted to taking sexually explicit photographs of V-1, to distributing them online, and to receiving pornographic images of other children. Powers provided his iPhone 4 (and its passcode) to the agents, which revealed approximately 125 photographs of V-1 as well as other pornographic photos of children. In a search of Powers' residence, agents found other electronic devices that contained more child pornography.

The following month, a federal grand jury returned an indictment charging Powers with eleven counts of production of child pornography (Counts One through Eleven, or "the production counts"), in violation of 18 U.S.C. § 2251(a), (e); one count of distribution of child pornography (Count Twelve), in violation of 18

4

U.S.C. §§ 2252A(a)(1)(A) [sic][1] and (b)(1), and 2256(8)(A); and one count of possession of child pornography (Count Thirteen), in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2), and 2256(8)(A.). Although it is not necessarily apparent from the record on appeal which image corresponded to which production count, the Government submits in its appellate brief that Count Six had as its factual basis the production of the "bare chest" image.

On June 2, 2015, Powers pleaded guilty to all counts in the indictment without a plea agreement. On November 19, 2015, the District Court sentenced Powers to a below-Guidelines 480-month (forty-year) term of imprisonment.[2]

## DISCUSSION

The Government concedes that the District Court committed "plain error" by allowing Powers to plead guilty to a count for which there was no "factual basis for the plea."[3] Specifically, the image of V-

---

[1] As the parties agree, the indictment incorrectly cited the statutory provision. It should have cited 18 U.S.C. § 2252A(a)(2)(A), not (a)(1)(A).

[2] More specifically, the District Court sentenced Powers to 360 months on each of the production counts, to run concurrently; 120 months on Count 12, to run consecutively to the production counts; and 120 months on Count 13, to run concurrently to Counts 1 through 12.

[3] Fed. R. Crim. P. 11(b)(3). ("Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea.")

that focused on her bare chest was not within the definition of "sexually explicit conduct" prohibited by 18 U.S.C. § 2251(a), and conduct relating to it cannot serve as a factual basis for a conviction thereunder.[4] We agree that Powers's count of conviction related to that image, but only that image, must therefore be vacated. The principal issue on appeal is thus the appropriate remedy where only part of a conviction is subsequently overturned.

Our opinion in *United States v. Rigas*, 583 F.3d 108 (2d Cir. 2009), aimed to settle that very question. *Rigas* sought to clarify *United States v. Quintieri*, 306 F.3d 1217 (2d Cir. 2002), which had held that the "default rule" to remedy a so-called "conviction error"—as distinct from a so-called "sentencing error"—is *de novo* resentencing. *See Quintieri*, 306 F.3d at 1228 & n.6. After considering *Quintieri* and its progeny, *Rigas* explained that *Quintieri* had "created a rule, not a guideline," and to the extent it or prior cases were ambiguous, *Rigas*

---

[4] 18 U.S.C. § 2251 prohibits "employ[ing], us[ing], persuad[ing], induc[ing], entic[ing], or coerc[ing] any minor to engage in . . . with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct . . . ." 18 U.S.C. § 2256(2)(A) defines "sexually explicit conduct" to be "actual or simulated[] (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person."

"resolve[d] any ambiguity" in favor of *de novo* resentencing following conviction errors. *Rigas*, 583 F.3d at 117-19.

Subsequent characterizations of the rule in non-precedential summary orders and in passing *dicta* in published opinions have remained somewhat ambiguous, however. One panel read *Rigas*, albeit only in a summary order, as having established an essentially uniform rule.[5] Other panels, likewise in summary orders or in *dicta*, have continued to use, at least as a matter of linguistics, the "default rule" formulation of *Quintieri* when mentioning *Rigas*.[6] Notably,

___

[5] *See United States v. Yepes-Casas*, 473 F. App'x 90, 90-91 (2d Cir. 2012) ("[T]his Circuit's recent precedent is unequivocal: any 'conviction error' requires a *de novo* re-sentencing."); *see also United States v. Draper*, 553 F.3d 174, 184 (2d Cir. 2009) (citing *Quintieri* and stating "because we are reversing the witness retaliation convictions, *de novo* resentencing is required").

[6] *See United States v. Weingarten*, 713 F.3d 704, 711-12 (2d Cir. 2013) (describing *Rigas*, in part, as having held that "*if* the vacatur of a count of conviction has altered the 'factual mosaic related to' the remaining counts" then resentencing is required (emphasis added)); *United States v. Desnoyers*, 708 F.3d 378, 386–87 (2d Cir. 2013) ("*Typically*, the defendant is entitled to *de novo* sentencing when the court of appeals reverses a conviction because a change in the 'constellation of offenses of conviction' alters the 'factual mosaic related to those offenses.'" (quoting *Rigas*, 583 F.3d at 115) (emphasis added)); *United States v. Mends*, 412 F. App'x 370, 375 (2d Cir. 2011) ("This circuit has adopted a 'default rule that resentencing is required where part of a conviction is reversed on appeal.'" (quoting *Rigas*, 583 F.3d at 117)); *United States v. Capoccia*, 354 F. App'x 522, 523–24 (2d Cir. 2009) (summary order) ("Where a count of a conviction is

however, applications of the rule, be it characterized as "default" or not, are almost entirely consistent. No case cited in footnote six permitted a district judge, following partial vacatur of a conviction, simply to enter an amended judgment.

Indeed, it appears that only one post-*Rigas* case has allowed a district judge to do so. *See United States v. Moreno-Montenegro*, 553 F. App'x 29, 31–32 (2d Cir. 2014). That summary order reasoned as follows:

> With respect to the appropriate remedy, Moreno-Montenegro requests a remand for *de novo* resentencing, contending that vacating one of his convictions "'effectively undoes the entire knot of calculation' underlying the original sentencing." *United States v. Barresi*, 361 F.3d 666, 672 (2d Cir. 2004) (quoting *United States v. Quintieri*, 306 F.3d 1217, 1228 (2d Cir. 2002)). We disagree. The two offenses here were considered together throughout the proceedings below, and the district court ultimately imposed identical concurrent sentences for both counts. Moreover, as explained below, we find no other error in the defendant's sentencing. *In*

---

overturned, *the ordinary procedure* is to remand for de novo resentencing." (emphasis added)); *see also United States v. Malki*, 718 F.3d 178, 182 (2d Cir. 2013) (per curiam) (not citing *Rigas* and using the "default rule" formulation).

*accordance with our practice in such circumstances*, we accordingly will remand with instructions for the district court to vacate the conviction on one of the two counts and to enter an amended judgment. *See, e.g., United States v. Miller*, 116 F.3d 641, 685 (2d Cir. 1997).

*Id.* at 32 (emphasis added).

The Government relies heavily upon *Moreno-Montenegro* here—and, it appears, elsewhere[7]—in arguing that resentencing is unnecessary. That reliance is misplaced. The "practice" identified in *Moreno-Montenegro* is appropriate only when the defendant has already received, as his or her sentence on an upheld count of conviction, a mandatory minimum sentence. Those were the circumstances in *Miller*, to which *Moreno-Montenegro* attributes "our practice," and in the other case upon which the Government here relies, *Burrell v. United States*, 467 F.3d 160 (2d Cir. 2006).[8] Such

[7] In other cases, it appears, the government similarly relies on this case. *See* Brief for United States, *United States v. Rosario*, 652 F. App'x 38 (2d Cir. 2016) (No. 15-1305), 2015 WL 6777675, at \*47-48; Brief for United States, *United States v. Santiago*, No. 14-2203 (2d Cir. Feb. 22, 2016), 2016 WL 727005, at \*38-39; Brief for United States, *United States v. Palmer*, No. 15-3006 (D.C. Cir. Aug. 5, 2016), 2016 WL 4158243, at \*27 n.12.

[8] In fact, both cases involved the dismissal of a conspiracy count, under the Double Jeopardy Clause, as a lesser-included offense of engaging in a continuing criminal enterprise (or "CCE"). *See Miller*, 116 F.3d at 651 (remanding solely for

circumstances—in which a district court's amending its judgment of conviction is, by force of law, "strictly ministerial"[9]—constitute the only viable exception to the rule set forth in *Rigas*. And as a non-precedential summary order, *Moreno-Montenegro* is without force to suggest otherwise.

Here, Powers was not given a mandatory minimum sentence for any of the twelve non-deficient counts of conviction. Accordingly, *Rigas* controls and *de novo* resentencing is required.[10] In light of that, we do not reach Powers's challenge to the substantive reasonableness of his current sentence.

---

dismissal of a conspiracy count where the defendant "was convicted on one count of engaging in a continuing criminal enterprise, in violation of 21 U.S.C. §§ 848(a) and 848(b)(1)(A) (1994)," which mandated a life sentence); *Burrell*, 467 F.3d at 162 ("The record reveals that, at the time Burrell was sentenced, the Sentencing Guidelines required the district court to impose a sentence of life imprisonment for the CCE conviction alone regardless of Burrell's conspiracy conviction given his adjusted offense level of 44 on the CCE count."). Perhaps for this reason, Powers attempts to distinguish *Moreno-Montenegro* as a Double Jeopardy Clause case, but we find no principle of law or logic that would support treating a conviction error that arises under the Double Jeopardy Clause as different from all other conviction errors.

[9] *Burrell*, 467 F.3d at 166 & n.4.

[10] That process need not be overly cumbersome. *See Desnoyers*, 708 F.3d at 386–87; *Rigas*, 583 F.3d at 119-21.

## CONCLUSION

For the reasons stated above, we **REMAND** the cause to the District Court with instruction to vacate the erroneous count of conviction and for *de novo* resentencing.

POOLER, *Circuit Judge*:

While we express no view on the substantive reasonableness of Powers' sentence, I write separately in order to call the district court's attention to the need to, as always, give appropriate weight to all of the Section 3553(a) factors on *de novo* resentencing. *See United States v. Dorvee*, 616 F.3d 174, 183-84 (2d Cir. 2010) (suggesting the district court gave too much weight to the 'need to protect the public' factor in sentencing an individual for distribution of child pornography where the court noted that an individual who repeatedly had sex with a child would have faced a far more lenient sentence).

Accordingly, I respectfully concur.