15-3819-cr
United States v. Khalil

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand seventeen.

PRESENT: GUIDO CALABRESI,
　　　　　RICHARD C. WESLEY,
　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　　*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

　　　　*Appellee*,

　　　　　　　v.　　　　　　　　　　　　No. 15-3819-cr

CHOUDRY MUHAMMAD KHALIL,

　　　　*Defendant-Appellant*.

------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANT: | ANDREW H. FREIFELD, New York, NY. |
| FOR APPELLEE : | MATTHEW J. JACOBS (Emily Berger, Alexander A. Solomon, *on the brief*), Assistant United States Attorneys, *for* Bridget M. Rohde, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Roslynn Mauskopf, Judge).

UPON DUE CONSIDERATION, it is HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part, REVERSED in part, and REMANDED with instructions for the District Court to dismiss Count Four and for de novo resentencing.

Defendant Choudry Muhammad Khalil appeals from a judgment of the District Court (Mauskopf, J.) following his conviction for (1) smuggling, conspiring to smuggle, transporting, conspiring to transport, and harboring an alien in violation of 8 U.S.C. § 1324; (2) transferring and conspiring to transfer false identification documents in violation of 18 U.S.C. § 1028; and (3) making false statements to federal agents in violation of 18 U.S.C. § 1001.  On appeal, Khalil argues that the District Court erred in denying his motion for a judgment of acquittal on several counts of conviction, constructively amended the indictment, and misapplied the United States Sentencing Guidelines.  In a separate opinion filed simultaneously with this order, we reverse Khalil's conviction for violation of 8 U.S.C. § 1324(a)(1)(A)(ii) (Count Four) and remand for the District Court to dismiss Count Four.  We assume the parties' familiarity

2

with that separate opinion and with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and reverse in part.

First, Khalil challenges his convictions for harboring and conspiring to transport an alien, Ehsan Ullah, within the United States on the ground that Ullah was legally in the United States at the time he stayed in Khalil's apartment. We disagree. Trial evidence showed that Khalil instructed or encouraged Ullah to lie to immigration officers and to submit a knowingly false asylum application in order to remain in the United States, and thereafter arranged for Ullah to live in Khalil's apartment. That evidence is sufficient to show that Khalil's conduct was "intended to facilitate an alien's remaining in the United States illegally and to prevent detection by the authorities of the alien's unlawful presence." United States v. Vargas-Cordon, 733 F.3d 366, 382 (2d Cir. 2013).

Khalil next argues that his two false statements to an FBI agent were not material. The two false statements were (1) that Khalil was not related to Jamil Ahmed, a leader of the criminal enterprise to which Khalil belonged, and (2) that on May 11, 2012, Khalil did not know the whereabouts of Ullah. We conclude that the jury could have found that both statements were "capable of distracting

3

government investigators' attention," United States v. Stewart, 433 F.3d 273, 318 (2d Cir. 2006), or had "a natural tendency to influence, or be capable of influencing, the decision of the" FBI agents investigating Khalil and Ahmed, United States v. Coplan, 703 F.3d 46, 79 (2d Cir. 2012) (quoting United States v. Adekanbi, 675 F.3d 178, 182 (2d Cir.2012)).

Khalil also argues, for the first time on appeal, that the District Court constructively amended the indictment because the jury instructions did not indicate what specific conduct underlay count four (transporting an alien). But the Government's summation made clear that it "relates . . . to . . . the transportation of Rafique to Penn Station and then on to Canada," App'x 1355, and so we discern no plain error in the District Court's instructions.

Finally, we reject Khalil's challenges to his sentence.[1] First, the District Court was entitled to apply the three-level enhancement under U.S.S.G. § 2L1.1(b)(2)(A), based on evidence that Khalil illegally smuggled, harbored, or transported six or more unlawful aliens. Second, Khalil forfeited the argument that Zagham Yaseen's testimony (that he was detained by Khalil through the use

---

[1] Because, as noted, we reverse Khalil's conviction under § 1324(a)(1)(A)(ii) by separate opinion, we remand to the District Court for de novo resentencing, expressing no view on whether the District Court should impose a lower sentence. See United States v. Powers, 842 F.3d 177, 179–180 (2d Cir. 2016) (per curiam).

of threat or coercion) does not support the two-level enhancement under U.S.S.G. § 2L1.1(b)(8)(A). Third, the District Court's finding that Khalil was "an organizer or leader" of the criminal enterprise, resulting in a four-level enhancement pursuant to U.S.S.G. § 3B1.1(a), was supported in the record.

Lastly, we reject Khalil's argument that the District Court failed to consider the sentencing disparity between Khalil and Ahmed because, among other reasons, Khalil is not similarly situated to Ahmed, who pleaded guilty. See United States v. Ebbers, 458 F.3d 110, 129 (2d Cir. 2006).

We have considered Khalil's remaining arguments that are not the subject of the opinion we issue simultaneously with this summary order and conclude that they are without merit. For the reasons stated herein and in the separate opinion accompanying this order, the judgment of the District Court is AFFIRMED in part, REVERSED in part, and REMANDED with instructions for the District Court to dismiss Count Four and for de novo resentencing.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court