United States of America v. Gentle

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand eighteen.

PRESENT:
        JOHN M. WALKER, JR.,
        DENNIS JACOBS,
            Circuit Judges,
        MICHAEL P. SHEA,*
            District Judge.
_____

UNITED STATES OF AMERICA,
        Appellee,

        -v.-                                    16-4020

SAMUEL GENTLE,
        Defendant-Appellant.
_____

FOR DEFENDANT-APPELLANT:     Jared J. Scharf, White Plains,
                             NY.

FOR APPELLEE:                Jennifer L. Beidel (Margery
                             Feinzig and Sarah K. Eddy on the

_____

        *    Judge Michael P. Shea, United States District Court for the District of Connecticut, sitting by designation.

brief), Assistant United States Attorneys, for Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED and REMANDED.**

Samuel Gentle was convicted by a jury of one count of obstructing the due administration of the Internal Revenue Service, see 26 U.S.C. § 7212(a), and 38 counts of assisting in the preparation of false tax returns, see 26 U.S.C. § 7206(2).  The United States District Court for the Southern District of New York (Seibel, J.) sentenced Gentle to a total prison term of 51 months, comprised of 38 concurrent 15-month prison terms for the tax-return offenses and a consecutive 36-month term of imprisonment for the obstruction offense.  The district court also imposed a one-year term of supervised release, a special assessment of $3,900, and a fine of $125,000.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

On appeal, Gentle does not challenge his 38 convictions under § 7206(2) for preparing false tax returns.  His principal argument is that the trial evidence of obstruction under § 7212(a) was insufficient to support his conviction because the government failed adequately to investigate the source of his bank deposits.  As a result, he contends that the evidence of obstruction under § 7212(a) amounted only to his preparation of the false tax returns.  Accordingly, he argues, he was impermissibly sentenced to consecutive terms of imprisonment for the same underlying conduct: preparing false tax returns.

Gentle's appellate arguments have been obviated by the Supreme Court's decision in Marinello v. United States, 138 S. Ct. 1101 (2018), handed down after Gentle filed his brief.  Marinello held that, "to secure a conviction under the [provision in § 7212(a) at issue here], the Government must show (among other things) that there is a 'nexus' between the defendant's conduct and a particular administrative proceeding, such as an investigation, an

audit, or other targeted administrative action." Id. at 1109. As the government has conceded, in a letter filed with this Court pursuant to Federal Rule of Appellate Procedure 28(j), "[t]he jury at Gentle's trial was not told it must find, and the proof did not show, that a particular administrative proceeding was pending or reasonably foreseeable to Gentle at the time he filed any of the fraudulent returns at issue."

In light of Marinello, Gentle's conviction under § 7212(a) cannot stand. We therefore **VACATE** the judgment and **REMAND** the case to the district court for dismissal of the § 7212(a) count and for *de novo* resentencing on the remaining (unchallenged) counts of conviction, pursuant to United States v. Powers, 842 F.3d 177 (2d Cir. 2016) (per curiam). See United States v. Natal, 849 F.3d 530, 533, 538 (2d Cir.) (per curiam), cert. denied, 138 S. Ct. 276 (2017).[1]

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

---

[1] The process of resentencing under these circumstances "need not be overly cumbersome" for the district court. Powers, 842 F.3d at 181 n.10. While the court may not "*automatically* impos[e] the same sentence on remand," it need not accept new "evidence . . . that could have been submitted at the original sentencing," and it may, in "exercising [its] discretion [anew], decide[] to impose the same sentence . . . it [di]d at the initial sentencing." United States v. Desnoyers, 708 F.3d 378, 387-88 (2d Cir. 2013).

3