20-510-cr
*United States v. Powers*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of September, two thousand twenty-one.

PRESENT:   JOSÉ A. CABRANES,
           ROSEMARY S. POOLER,
           JOSEPH F. BIANCO,
                      *Circuit Judges,*

---

UNITED STATES OF AMERICA,

                *Appellee,*                          20-510-cr

           v.

HEATH POWERS,

                *Defendant-Appellant.*

---

FOR DEFENDANT-APPELLANT:        John B. Casey, Casey Law LLC, Cohoes,
                                NY.

FOR APPELLEE:                   Rajit S. Dosanjh, Assistant United States
                                Attorney, *for* Antoinette T. Bacon, Acting

Appeal from an amended judgment dated February 3, 2020, entered by the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the amended judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Heath Powers pleaded guilty to ten counts of production of child pornography (Counts 1-5 and 7-11); one count of distribution of child pornography (Count 12); and one count of possession of child pornography (Count 13). On appeal, Powers challenges his amended sentence, which principally consists of a term of imprisonment of 420 months, as substantively unreasonable.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

After a resentencing hearing, the District Court imposed a term of imprisonment of 360 months on each of Counts 1 through 5 and 7 through 11, to run concurrently; a term of imprisonment of 60 months on Count 12, to run consecutively to Counts 1 through 5 and 7 through 11; and a term of imprisonment of 120 months on Count 13, to run concurrently to Counts 1 through 5 and 7 through 11, for a total term of imprisonment of 420 months.

We will vacate a sentence as substantively unreasonable only in "exceptional cases where the trial court's decision cannot be located within the range of permissible decisions."[2] We have explained that "our review of a sentence for substantive reasonableness is particularly deferential, and we will set aside only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice."[3]

On appeal Powers argues that his sentence is substantively unreasonable in light of his history and personal characteristics — namely, his lack of a criminal history, his purported low risk of recidivism, his participation in extensive sex offender rehabilitation programs in prison before his resentencing, and the fact that he produced and distributed child pornography without a financial motivation. We reject Powers's argument. Our review of the record makes plain that the District

---

[1] This Court previously remanded this cause with instruction to vacate one count of conviction for a conviction error and, thus, for *de novo* resentencing. *See United States v. Powers*, 842 F.3d 177 (2d Cir. 2016).

[2] *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted).

[3] *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (internal quotation marks and alteration omitted).

Court properly considered all these circumstances in imposing a sentence that was far below the advisory sentence of 4,080 months under the advisory United States Sentencing Guidelines. Specifically, the District Court recognized that Powers had engaged in "significant treatment" and rehabilitation efforts, and noted his risk of recidivism was evaluated to be lower than it had been at the original sentencing.

Further, and in accordance with the concurrence by Judge Pooler in the prior appeal,[4] the District Court explained that it had considered *United States v. Dorvee*[5] in imposing Powers's amended sentence. But the District Court went on to explain that it had concluded that *Dorvee* was distinguishable principally because the defendant in that case was not charged with production of child pornography and did not have actual contact with a minor victim. In contrast, Powers had actual contact with a minor victim and stood convicted of ten counts of child pornography production, which this Court has recently emphasized is an offense that is "extremely serious" and "ordinarily warrant[s] significantly harsher punishment than possession or even distribution offenses."[6]

After reviewing the record as a whole, we reject Powers's argument that the District Court's decision to impose a 420-month term of imprisonment "cannot be located within the range of permissible decisions,"[7] particularly given Powers's extremely serious offense conduct. Accordingly, we cannot conclude that Powers's amended sentence was substantively unreasonable.

## CONCLUSION

We have reviewed all arguments raised by Powers on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the amended judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[4] *See Powers*, 842 F.3d at 181 (Pooler, J., concurring).

[5] 616 F.3d 174 (2d Cir. 2010).

[6] *Muzio*, 966 F.3d at 65; *see also Paroline v. United States*, 572 U.S. 434, 439-40 (2014) ("The demand for child pornography harms children in part because it drives production, which involves child abuse. The harms caused by child pornography, however, are still more extensive because child pornography is a permanent record of the depicted child's abuse, and the harm to the child is exacerbated by its circulation." (internal quotation marks and alterations omitted)).

[7] *Cavera*, 550 F.3d at 189 (internal quotation marks omitted); *see also United States v. Rivernider*, 828 F.3d 91, 111 (2d Cir. 2016).

3