12-4392-cr
United States v. Hyde

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

<u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of May, two thousand fourteen.

PRESENT: JOHN M. WALKER, JR.,
DENNY CHIN,
CHRISTOPHER F. DRONEY,
<u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
<u>Appellee</u>,

-v- 12-4392-cr

KENNEDY J. HYDE,
<u>Defendant-Appellant</u>.

- - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE: Edward R. Broton and Brenda K. Sannes, Assistant United States Attorneys, <u>for</u> Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

FOR DEFENDANT-APPELLANT: Paul Camarena, North & Sedgwick Law, Chicago, Illinois.

Appeal from the United States District Court for the Northern District of New York (Mordue, J.).

UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Kennedy Hyde appeals from the judgment of the district court entered November 2, 2012, convicting him, following a jury trial, of making false statements under penalty of perjury in connection with a Title 11 bankruptcy proceeding, in violation of 18 U.S.C. § 152(2)-(3). We assume the parties' familiarity with the facts and procedural history of the case, which we summarize as follows:

On October 26, 2012, the district court sentenced Hyde to 27 months' imprisonment and three years' supervised release. The district court imposed four special conditions of supervised release.

Hyde appeals only with respect to the fourth special condition of supervised release.[1] This condition reads:

---

[1] Hyde filed his notice of appeal on November 9, 2012, after the district court entered its original judgment on November 2, 2012. The district court did not determine the amount of restitution until it entered an amended judgment on February 22, 2013. Hyde did not, however, file a new notice of appeal from the amended judgment. The government does not contest the timeliness of Hyde's appeal. While Hyde's notice of appeal was likely effective with respect to the original judgment, we conclude that it "ripened into an effective notice" of appeal from the amended judgment as well. United States v. Kapelushnik, 306 F.3d 1090, 1093-94 (11th Cir. 2002); see also Zeno v. Pine Plains Cent. Sch. Dist., 702 F.3d 655, 663 n.6 (2d Cir. 2012)("Although [appellant] filed a premature notice of appeal, because the district court

-2-

> Until restitution is paid in full, the defendant is restrained from transferring any asset with a value of $500 or more, unless it is necessary to liquidate and apply the proceeds of such property to the order of restitution.

App. at 24.

Hyde contends that the fourth special condition constitutes garnishment and violates the Consumer Credit Protection Act (the "CCPA"), 15 U.S.C. § 1671 et seq. Hyde further argues that the condition prevents him from paying basic living costs -- such as rent -- as the condition bars him from "transferring any asset with a value of $500 or more." Appellant's Br. at 3. We disagree, for two reasons.[2]

First, the fourth condition is not tantamount to garnishment as contemplated by the CCPA. Garnishment is "any legal or equitable procedure through which the earnings of any individual are required to be withheld for payment of any debt." 15 U.S.C. § 1672(c). The garnishment of "earnings" refers to the withholding of "periodic payments of compensation and does not pertain to every asset that is traceable in some way to such compensation." In re Kokoszka, 479 F.2d 990, 997 (2d Cir. 1973), aff'd sub nom. Kokoszka

---

entered an amended final judgment before the appeal was heard and [appellee] suffered no prejudice, the jurisdictional defect has been cured.").

[2]     The government argues that plain error review applies because Hyde failed to object to the special conditions at sentencing. Hyde argues that "relaxed plain error review" is appropriate under our decision in United States v. Reeves, 591 F.3d 77, 80 (2d Cir. 2010). We need not decide the question of the standard of review, however, because the issue presented is largely a matter of law and we conclude that Hyde's argument fails even under de novo review.

-3-

v. Belford, 417 U.S. 642 (1974).  An order does not constitute garnishment if it "simply directs restitution payments" and "d[oes] not require payment of restitution from a specific asset."  United States v. Jaffe, 417 F.3d 259, 265-66 (2d Cir. 2005) (upholding restitution order in amount that could require defendant to sell home, as order did not require payment from any specific asset).  Here, the fourth special condition neither requires the withholding of any of Hyde's earnings nor compels Hyde to draw restitution payments from a specific asset.  The condition thus does not constitute garnishment and falls outside the scope of the CCPA.  See id.

Second, Hyde misreads the plain language and purpose of the condition.  The condition does not prevent him from spending money to pay for basic living expenses, such as rent.  Rather, the condition bars him from transferring assets with a value of $500 or more unless it is necessary to liquidate any such asset to pay restitution.  See also United States v. Green, 618 F.3d 120, 122-24 (2d Cir. 2010) (considering context in which challenged supervised release condition was imposed to guide interpretation of condition's language).  The plain language of the condition therefore does not prohibit Hyde from spending money for housing, transportation, and subsistence; it merely says that he cannot liquidate assets except

to pay restitution.  We find no error here that warrants vacatur or reversal.

* * *

We have considered Hyde's remaining arguments and conclude they are without merit.  For the foregoing reasons, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk