# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30280

United States Court of Appeals
Fifth Circuit

**FILED**

May 6, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

KEITH JOSEPH MCGEE,

      Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana

Before KING, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:

Keith McGee appeals his conviction for attempted production of child pornography under 18 U.S.C. § 2251, claiming there was insufficient evidence for the jury to find that he intended for a minor to create and send a sexually explicit picture during an email conversation. McGee also objects that an agent's testimony that McGee "sexually exploit[ed] a child" was improper and highly prejudicial such that its admission into evidence constitutes plain error. For the reasons that follow, we AFFIRM the district court's judgment in all respects.

No. 15-30280

## I.

McGee engaged in an online email conversation with "Josh," a person who represented himself to be a 14-year-old boy.  In fact, McGee was corresponding with FBI Agent Matthew Allison.  Over the course of several hours, McGee repeatedly requested a picture of Josh's genitals and the two discussed meeting in person.  While the two never met in person and did not exchange any explicit pictures, Agent Allison gathered enough information to identify McGee.  McGee's residence and devices were searched, and he was indicted on three counts of federal child pornography offenses for his conduct with Josh and two other minors.

As relevant here, McGee was charged in Count One of the indictment with "Attempted Sexual Exploitation of Children," or attempted production of child pornography, under 18 U.S.C. § 2251 (a) & (e).  Following a jury trial, McGee was convicted on Count One and the other two counts.  The district court sentenced McGee to fifteen years in prison on Count One, which is the mandatory minimum sentence required for the production of child pornography.  If McGee had been convicted solely on the other two counts of the indictment, involving receipt of child pornography, his mandatory minimum sentence would have been five years in prison.  *See* 18 U.S.C. § 2252(a)(2), (b)(1).  McGee timely appealed only his conviction and sentence for production of child pornography.

## II.

We review for plain error objections to evidence that were not made before the district court.  *See United States v. Flores-Martinez*, 677 F.3d 699, 710 (5th Cir. 2012).  We may correct an error on this type of review when the error is plain, has not been intentionally relinquished or abandoned, affects substantial rights, and seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See United States v. Escalante-Reyes*, 689

No. 15-30280

F.3d 415, 419 (5th Cir. 2012) (en banc).

The parties contest what standard of review applies to McGee's sufficiency-of-the-evidence challenge—de novo review or review for a manifest miscarriage of justice.[1] *Compare Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (noting de novo review asks whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"), *with United States v. Herrera*, 313 F.3d 882, 885 (5th Cir. 2002) (en banc) (noting we review unpreserved objections for a manifest miscarriage of justice, inquiring whether the record is "devoid of evidence pointing to guilt" (citation omitted)), *and United States v. Brown*, 727 F.3d 329, 335 (5th Cir. 2013) (similar, reviewing for whether "the evidence on a key element of the offense is so tenuous that a conviction would be shocking" (citation omitted)).   Under either standard, evidence and inferences in this case are viewed in the light most favorable to the government.  *See Brown*, 727 F.3d at 335.

We need not and do not decide whether McGee properly preserved his objection to the sufficiency of the evidence because we conclude McGee's challenge fails even under the less deferential standard of de novo review established in *Jackson*.  *See Brown*, 727 F.3d at 335 ("Where, as here, the evidence satisfies the less searching *Jackson* standard, it follows that there has been no manifest miscarriage of justice.").

### III.

McGee argues there is insufficient evidence that he attempted to produce child pornography within the meaning of 18 U.S.C. § 2251, and of an interstate nexus under that statute.  Both of these issues turn on whether there is sufficient evidence that McGee tried to persuade Josh to send a newly-created

---

[1] The government concedes that "McGee preserved the challenge" to the sufficiency of the evidence on the interstate commerce element of the crime.  We therefore review this part of McGee's challenge de novo.  *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

picture of his genitals.

As relevant here, § 2251 proscribes purposefully persuading, inducing, enticing, or coercing a minor to engage in any sexually explicit conduct, *for the purpose* of producing any visual depiction of such conduct, if such person knows or has reason to know that such visual depiction will be transmitted in or affecting interstate or foreign commerce. 18 U.S.C. § 2251(a); *United States v. Runyan*, 290 F.3d 223, 243 (5th Cir. 2002) (stating that § 2251 "requires the Government to prove that the defendant knew or had reason to know *at the time that the images were created* that those images '*will be* transported in interstate or foreign commerce'" (first emphasis added) (quoting § 2251)). Section 2251(e) criminalizes attempted production, with which McGee was charged. "To sustain a conviction for attempt, the evidence must show the defendant (1) acted with the culpability required to commit the underlying substantive offense, and (2) took a substantial step toward its commission." *United States v. Olvera*, 687 F.3d 645, 647 (5th Cir. 2012) (citation omitted).

The parties do not dispute that transmitting a picture via the internet constitutes interstate transportation sufficient to satisfy the interstate commerce element of § 2251.[2] *See Runyan*, 290 F.3d at 239. However, McGee argues that the government failed to prove he acted *for the purpose of producing* a visual depiction as required by § 2251(a). Instead, McGee claims the evidence shows that he simply asked for a sexually explicit picture,[3] which

---

[2] The record shows that McGee and Josh communicated via email, including emailing non-explicit photographs to each other. McGee concedes that the interstate commerce element was proven in this case if the evidence was sufficient to prove that McGee attempted to entice Josh to send a new, explicit photograph via email. *See Runyan*, 290 F.3d at 239.

[3] The parties also do not dispute that McGee sought a sexually explicit image within the meaning of § 2251. Section 2256 defines "sexually explicit conduct" to include "lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(A)(v). Since McGee requested a picture of Josh's genitals, this element is also satisfied. *See generally id*; *United States v. Steen*, 634 F.3d 822, 826–28 (5th Cir. 2011) (discussing what constitutes "a lascivious exhibition of the genitals").

in the context of the conversation did not require the creation of a new picture. McGee thus argues the jury had insufficient evidence to convict him.

In these circumstances, the jury must at least be able to draw the inference that the defendant encouraged a minor to take sexually-explicit pictures and send them to the defendant.  In other words, the jury must have sufficient evidence to draw the inference between a defendant's solicitation of sexual activity and the *production* of a pornographic image, whether through the minor taking and sending a picture or otherwise.  *See, e.g.*, *United States v. Broxmeyer*, 616 F.3d 120, 125–27 (2d Cir. 2010) (reversing a production conviction because the government failed to show the sequence of events between the defendant's solicitation of pictures and the minor's taking and sending explicit pictures to the defendant); *United States v. Palomino-Coronado*, 805 F.3d 127, 132–33 (4th Cir. 2015) (reversing a conviction where the defendant and minor were engaged in a months-long sexual relationship and it was unclear whether the defendant initiated sexual activity specifically for the purpose of taking a photograph of it).

We conclude the jury had sufficient evidence to infer that McGee sought to encourage Josh to take and send a newly-created picture of his genitalia, satisfying § 2251.  Josh and McGee emailed back and forth for hours, during which time Josh told McGee he was only 14 years old and they discussed possibly meeting at the hotel where Josh was staying.  Early in the conversation, McGee asked Josh whether he wore "boxers or briefs" and about the size of his genitals.  This set the tone for the conversation.  McGee asked for a picture, and Josh sent an email with a picture of a teenage boy, shirtless, sitting outdoors.  In increasingly graphic fashion, McGee continued to ask for pictures of Josh's genitals even after Josh explained that he had sent his best picture. McGee insisted that he "wanted another" picture, and when Josh attempted to discuss meeting in person with McGee the next day, McGee said

No. 15-30280

Josh could email him, but that Josh "need[ed] to do something for [McGee]." Josh asked what, and McGee said: "Show me ur [genitals] lol."

From Josh and McGee's emails, the jury reasonably could have drawn the inference that McGee sought a newly-created picture of Josh's genitals. *See Coleman v. Johnson*, 132 S. Ct. 2060, 2065 (2012) (observing that the *Jackson* inquiry asks only whether the jury's finding "was so insupportable as to fall below the threshold of bare rationality"); *United States v. Vargas-Ocampo*, 747 F.3d 299, 303 (5th Cir. 2014) (en banc). McGee repeatedly sought a picture of Josh's genitals, even after Josh sent a less explicit picture of himself and exhibited reluctance to put a picture of his genitals "out there." McGee asked if Josh had a webcam or Skype.[4] These facts, combined with Josh's reluctance to put an explicit picture "out there," McGee's persistence after Josh said he'd sent his best picture, and McGee's attempt to entice Josh to show him his genitals in exchange for meeting the next day, all support a reasonable inference that McGee knew Josh would have to take a new picture to comply. Accordingly, the evidence reasonably supports that McGee purposefully sought to have Josh take and send a newly-created picture of his genitals via email, which would satisfy the statute.

## IV.

McGee also objects to the fact that FBI Agent Allison stated more than once during his testimony at trial that he determined McGee "sexually exploit[ed] children." Agent Allison testified as a lay witness, and McGee argues that he gave a legal conclusion that constituted improper opinion

---

[4] McGee claims in his reply brief, without citation to any authority, that this part of the discussion is irrelevant because "[u]sing a webcam or Skype does not create a visual depiction." McGee is incorrect. Section 2251 criminalizes live videos of explicit content as well as still visual depictions. *See United States v. Nichols*, 371 F. App'x 546, 546–47, 549–50 (5th Cir. 2010). Therefore, it is relevant that McGee asked about using a webcam shortly after requesting to see Josh's genitals.

testimony under Federal Rules of Evidence 701 and 704, especially given that § 2251 is entitled "Sexual exploitation of children." 18 U.S.C. § 2251.

While testifying about his conversation with McGee online, during which Agent Allison was posing as "Josh," Agent Allison explained his investigative strategy. Agent Allison explained that at one point, he was "trying to keep this person in the conversation" to identify him, because Agent Allison's job was "to protect children from being sexually exploited and this person is sexually exploiting a child." When asked about whether he had identified McGee at a certain point in time, Agent Allison responded that he had not, but that he was "pas[t] the point of determining whether or not this individual was involved in sexually exploiting children. He had already asked for several sexual [sic] explicit pictures," such that Agent Allison was attempting to "transition the investigation into learning about any other potential victims." Agent Allison later stated he determined McGee was "sexually exploiting children by asking a 14 year old for pictures of his penis," but the district court sustained defense counsel's objection and struck that testimony, so we do not consider it further.[5]

We review the remaining two incidents of Agent Allison's use of the phrase "sexually exploiting a child" for plain error, since McGee's counsel failed to object to the uses of the phrase that McGee now challenges on appeal. *See Flores-Martinez*, 677 F.3d at 710. Rule 701 limits opinion testimony by a lay witness to that which is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a

---

[5] We do not review the last instance of the agent's use of the phrase "sexually exploiting a child." McGee's objection to that testimony was sustained and the testimony stricken, and he made no further requests in this regard. While McGee's brief mentions this last use of the phrase, he admits the court struck the testimony and focuses on the effect of the "two prior iterations" of the phrase. We do not interpret this as a challenge to the district court's grant of McGee's objection or chosen remedy, and we do not discern a separate objection to the remedy before this court or the district court. Therefore, we only review Agent Allison's two prior uses of this phrase.

fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701. While Rule 704(a) specifies that "[a]n opinion is not objectionable just because it embraces an ultimate issue," we have clarified that Rule 704(a) also does not mean conclusions on ultimate legal issues are necessarily admissible. *See United States v. Williams*, 343 F.3d 423, 435 (5th Cir. 2003).

Even assuming arguendo that Agent Allison's testimony was impermissible,[6] McGee has not shown plain error. *See Escalante-Reyes*, 689 F.3d at 419. The evidence in this case was sufficient for the jury to draw its own inference, apart from Agent Allison's testimony, that McGee sought to have Josh produce and send a newly-created, sexually explicit photo. Although we do not condone the use of this phrase during Agent Allison's testimony, we cannot say that the use of the phrase affected the outcome or seriously affected the fairness, integrity, or public reputation of the proceedings; therefore, allowing Agent Allison to use this phrase does not constitute plain error. *See Flores-Martinez*, 677 F.3d at 710; *cf. Williams*, 343 F.3d at 435.

AFFIRMED.

---

[6] The problem with this phrase is that it corresponds to the title of the challenged count of conviction in this case. Section 2251 is entitled "Sexual exploitation of children," and although the phrase apparently did not appear on the verdict form or in the jury instructions, it appeared on the indictment that was read to the jury during jury selection. The same phrase, or some variation of it, was also used by the government throughout its opening statement and by both parties during witness examinations. It is unclear whether the jury received the indictment containing § 2251's title during deliberations. Thus, McGee argues that Agent Allison's uses of the phrase were unduly suggestive.