16-1807-cr
United States v. Naim

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of October, two thousand seventeen.

PRESENT:  REENA RAGGI,
             PETER W. HALL,
             SUSAN L. CARNEY,
                *Circuit Judges.*

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
               *Appellee*,

        v.                             No. 16-1807-cr

ROY NAIM,
               *Defendant-Appellant*.

------------------------------------------------------------------------

| | |
|---|---|
| APPEARING FOR APPELLANT: | JOHN ESPOSITO (Arthur L. Aidala, Aidala, Bertuna & Kamins, P.C., New York, New York, *on the brief*), Law Office of John Esposito, New York, New York. |
| APPEARING FOR APPELLEE: | SARITHA KOMATIREDDY, Assistant United States Attorney (Emily Berger, Assistant United States Attorney, *on the brief*), *for* Bridget M. Rohde, Acting United States Attorney for the Eastern District of New York, Brooklyn, New York. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 6, 2016, is AFFIRMED.

Defendant Roy Naim stands convicted after a jury trial of receipt and possession of child pornography, *see* 18 U.S.C. § 2252(a)(2), (a)(4)(B), and attempted sexual exploitation of a child, *see id.* § 2251(a), for which he was sentenced to 180 months' imprisonment. On appeal, Naim challenges the denial of his motions for acquittal, *see* Fed. R. Crim. P. 29, and a new trial, *see* Fed. R. Crim. P. 33, on the attempted sexual exploitation count, arguing that the trial evidence was insufficient to support both the "intent" and "substantial step" elements of attempt.

We review the Rule 29 denial *de novo*, *see United States v. Khalil*, 857 F.3d 137, 139 (2d Cir. 2017), and the Rule 33 denial for abuse of discretion, which we will identify only if the district court's decision rests on an error of law or clearly erroneous fact-finding, or if its decision cannot be located within the permissible range available to the district court, *see United States v. Forbes*, 790 F.3d 403, 406 (2d Cir. 2015). A defendant challenging the sufficiency of the evidence bears "a very heavy burden," *United States v. Abu-Jihaad*, 630 F.3d 102, 135 (2d Cir. 2010) (internal quotation marks omitted), because we must view the evidence in the light most favorable to the government, and we must affirm if "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,'" *United States v. Pierce*, 785 F.3d 832, 837 (2d Cir. 2015) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in *Jackson*)). In

2

applying these standards here, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm for substantially the reasons stated by the district court in its thorough opinion. *See United States v. Naim*, No. 13-CR-660 (NGG), 2015 WL 3440253 (E.D.N.Y. May 20, 2015).

1.      Intent

To prove an attempt to commit a crime, the government must adduce evidence that the defendant (a) intended to commit the object crime—here, "employ[ing], us[ing], persuad[ing], induc[ing], entic[ing], or coerc[ing] any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct" in violation of 18 U.S.C. § 2251(a)—and (b) engaged in conduct amounting to a substantial step towards its commission. *See United States v. Farhane*, 634 F.3d 127, 145 (2d Cir. 2011).

Like the district court, we conclude that the evidence, viewed most favorably to the government, allowed a reasonable jury to find that Naim intended to have Jonathan Johnson create for him a sexually explicit video of minor John Doe. Emails between Naim and Johnson, the operator of the child pornography website BoysOnWebcam, show that Naim understood that Johnson personally created the videos on his website, by deceiving minors into performing sexual activities that he surreptitiously recorded. These emails further demonstrate that when Johnson informed Naim there were no additional existing videos of John Doe beyond the two that Naim had already obtained, Naim asked Johnson to "get another one" for him. App'x 955. When Naim received a third

3

pornographic John Doe video, Johnson informed Naim that he had recorded the minor "just for you," contacting Naim "[l]ess than an hour" after making the recording. *Id.* at 1012. Possessing all this knowledge, Naim then repeatedly requested from Johnson a fourth John Doe video. *See id.* at 1118 ("Can we do another [John Doe]?"); *id.* at 1175 ("hey think you can get [John Doe] again"), *id.* at 1182 ("Hey. Think you can get [John Doe] again?"); *id.* at 1192 ("and btw – llet [sic] me know if you ever get that [John Doe] dude again"). Such evidence was sufficient for a reasonable jury to conclude that, when Naim requested the fourth John Doe video, he did so with the culpable intent that Johnson sexually exploit the child.

In urging otherwise, Naim argues that the district court conflated knowledge and intent, substituting evidence of what Naim knew regarding Johnson's activities for evidence that he intended to have Johnson create another pornographic video. We are not persuaded. Evidence that Naim knew there were no additional existing pornographic videos of John Doe and that Johnson obtained new videos by creating them himself, coupled with Naim's repeated requests for an additional video, permitted a reasonable jury to infer that Naim made his requests intending for Johnson further to sexually exploit the child. Accordingly, evidence regarding the knowledge that Naim gained from his communications with Johnson does not here substitute for evidence of intent, but rather supports an inference as to Naim's sexually exploitive intent in requesting an additional video. *See United States v. Crowley*, 318 F.3d 401, 409 (2d Cir. 2003) (recognizing that "the question of [a defendant's] intention" must generally be inferred because it is "rarely susceptible to proof by direct evidence"); *see also United States v. McGee*, 821 F.3d 644,

4

647–48 (5th Cir. 2016) (rejecting sufficiency challenge to intent element of conviction for attempted sexual exploitation of a child because jury could "draw the inference between [the] defendant's solicitation [of a sexually explicit picture] and the *production* of a pornographic image" where email evidence showed defendant "knew that [the minor] would have to take a new picture" (emphasis in original)).

Nor is a different conclusion warranted by Naim's contention that he was merely a "customer" or "purchaser," rather than a "creator," of the pornographic content on Johnson's website. Appellant's Br. 32. As the district court explained, the purchase of a fourth John Doe video necessitated the creation of that video, which the evidence establishes Naim well knew. The jury could therefore infer from Naim's attempts to purchase such a video that he intended for Johnson to create one for him by again sexually exploiting the child. *See United States v. Sheehan*, 838 F.3d 109, 119 (2d Cir. 2016) (stating that court reviewing sufficiency challenge must "credit[] every inference that could have been drawn in the government's favor" (internal quotation marks omitted)). Accordingly, Naim's urged distinction between an intent to purchase and an intent to create child pornography is unavailing as applied to the record in this case.

2.   Substantial Step

The substantial step required for attempt "must be something more than mere preparation, yet may be less than the last act necessary before the actual commission of the substantive crime." *United States v. Farhane*, 634 F.3d at 147 (internal quotation marks omitted). The district court found that Naim's requests to Johnson for a fourth John Doe video were sufficient to constitute a substantial step. We agree.

5

*United States v. Martinez*, 775 F.2d 31 (2d Cir. 1985), and *United States v. Abdallah*, 528 F. App'x 79 (2d Cir. 2013) (summary order), on which Naim relies, are not to the contrary. While the *Martinez* defendant was convicted of attempted murder on evidence that he had given his accomplice a down payment for the murder, "thereby taking the last step . . . to accomplish the actual commission of the crime," 775 F.2d at 35, this court has made clear that a substantial step "may be less than the last act necessary before the actual commission of the substantive crime," *United States v. Farhane*, 634 F.3d at 147 (internal quotation marks omitted). Indeed, the *Abdallah* defendant's placement of a phone call giving instructions for stock purchases as part of a stock manipulation scheme sufficed to establish a substantial step "in the context of . . . prior dealings" between the defendant and the phone call recipient. 528 F. App'x at 83. So, in this case, a reasonable jury could have found that Naim's repeated requests to Johnson for a fourth video of John Doe constituted a substantial step in the sexual exploitation of a child precisely because of the context of prior dealings in child pornography between Naim and Johnson. While Naim argues that his requests did not in fact "set . . . wheels in motion," because John Doe's resistance made a fourth video impossible, Appellant's Br. 39, that does not distinguish this case from *Abdallah*, in which the recipient of the defendant's phone call "never actually placed the buy orders he discussed with Abdallah," 528 F. App'x at 82.

Insofar as Naim argues that his efforts merely to "purchase" another video cannot constitute a substantial step towards the crime of "creat[ing]" such a video, Appellant's

6

Br. 37, we have already determined that the urged distinction between purchase and creation is unpersuasive on the facts of this case.

In sum, the evidence was sufficient for a reasonable jury to find that Naim both intended for and took a substantial step toward having Johnson sexually exploit a minor in violation of 18 U.S.C. § 2251(a) in order to provide Naim with further child pornography.

3.      Conclusion

We have considered all of Naim's remaining arguments and conclude that they are without merit.  Accordingly, the judgment of the district court is AFFIRMED.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, Clerk of Court

7