17-418 (L)
United States v. Polos

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 23rd day of May, two thousand eighteen.

Present:      ROSEMARY S. POOLER,
              RICHARD C. WESLEY,
              RAYMOND J. LOHIER, JR.,
                      *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                      *Appellee*,

              v.                                        17-418-cr (L),
                                                        17-533-cr (con)

DAVID POLOS, GLEN GLOVER,

                      *Defendants-Appellants*.

_____

Appearing for Defendant-Appellant Polos:  Kedar S. Bhatia, Greenberg Traurig, LLP (Marc L. Mukasey, *on the brief*), New York, N.Y.

Appearing for Defendant-Appellant Glover:  Harold J. Ruvoldt, Fleming Ruvoldt, PLLC (Cathy A. Fleming, Megan R. Calme, *on the brief*), New York, N.Y.

Appearing for Appellee:           Paul M. Monteleoni, Assistant United States
                                  Attorney (Martin S. Bell, Karl Metzner, Assistant
                                  United States Attorneys, *on the brief*), *for* Geoffrey
                                  S. Berman, United States Attorney for the Southern
                                  District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Gardephe, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendants-Appellants David Polos and Glen Glover appeal from the February 14, 2017 judgment of the United States District Court for the Southern District of New York (Gardephe, *J.*).[1] The district court entered judgment after a jury found Polos and Glover guilty of lying on the background questionnaires they were required to submit to maintain their security clearance as employees of the Drug Enforcement Administration. The jury also found them guilty of conspiring to lie on their forms. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Polos and Glover were charged with making false statements in violation of 18 U.S.C. § 1001; they claim, however, that the questions were "fundamentally ambiguous," such that a conviction under Section 1001 is not possible. We review this question of law de novo. *See United States v. Lighte*, 782 F.2d 367, 375 (2d Cir. 1986). In doing so, we assess challenges to Section 1001 convictions using the same legal standards we apply to perjury convictions under 18 U.S.C. § 1621. *See United States v. Mandanici*, 729 F.2d 914, 921 (2d Cir. 1984) (citing *Bronston v. United States*, 409 U.S. 352, 359-62 (1973)). A question is fundamentally ambiguous when it "is not a phrase with a meaning about which men of ordinary intellect could agree." *Lighte*, 782 F.2d at 375. (quoting *United States v. Lattimore*, 127 F.Supp. 405, 410 (D.D.C. 1955)). When such a question is asked, the reviewing court may "override a jury determination" because the question is essentially one of legal sufficiency. *Id.* Simply "because the words used in the question have different meanings in different situations does not make them fundamentally ambiguous." *Id.*

Polos and Glover argue that the question regarding "employment activities" was "fundamentally ambiguous." Polos additionally argues that the question regarding "foreign contacts" was fundamentally ambiguous. Both arguments fail as a matter of law.

While it is true that two individuals may have different understandings of the word "employment," the question at issue is very explicitly asking for a broad range of activities that could reasonably be considered employment, even listing a range of examples. The broad

---

[1] The judgment was amended on March 3, 2017. The defendants did not appeal the amended judgment, but we have found that a notice of appeal for an original judgment may "ripen[] into an effective notice of appeal from the amended judgment" where there is no government objection or prejudice. *See United States v. Hyde*, 556 F. App'x 62, 63 n.1 (2d Cir. 2014) (internal quotation marks omitted).

language of the question is not fundamentally ambiguous; it is instead designed to capture *all* employment activities in an applicant's recent history. We have previously held that the word "ever" is "not an imprecise word." *United States v. Kross*, 14 F.3d 751, 756 (2d Cir. 1994). The language of the question at issue here, asking for "all . . . employment activities," is similarly not imprecise—let alone "fundamentally ambiguous"—simply because it is expansive in its meaning.

Polos was additionally convicted under Section 1001 for failing to include the name of his foreign-national paramour under the section of the form requiring applicants to list "close and/or continuing contact with foreign nationals within the last 7 years with whom you, your spouse, or your cohabitant are bound by affection, influence, and/or obligation." App'x at 1895. Polos claims this question is also fundamentally ambiguous. Again, we disagree. Simply put, the question is not on its face so vague as to suggest that individuals of ordinary intellect could not agree on its meaning. *See Lighte*, 782 F.2d at 375.

Polos and Glover also argue there was insufficient evidence to convict them of the Section 1001 crimes. We review Rule 29 motions alleging insufficient evidence under an extremely deferential standard of review. Though our review is de novo, "we ask 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Khalil*, 857 F.3d 137,139 (2d Cir. 2017) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, (1979)).

A rational juror was clearly entitled to find that Polos and Glover lied about their employment activities when they failed to mention their work at Twins Plus Lounge ("Twins"), in light of the substantial evidence presented by the government regarding their extensive work there, including regularly covering night shifts to count the money and lock up, making personnel decisions, and supervising discrete projects at Twins. Because the question asked about "all" employment activities, it was reasonable for the jury to find that listing only one employment activity when others remained unstated was an untrue answer. And notwithstanding Polos' assertions to the contrary, it is hard to imagine how a rational juror could have found that a romantic relationship was *not* covered by the question regarding foreign contacts.

There was also sufficient evidence to convict both defendants on the additional conspiracy charge under 18 U.S.C. § 371. We are obligated to "credit every inference that the jury may have drawn in favor of the government." *United States v. Finley*, 245 F.3d 199, 202 (2d Cir. 2001) (quoting *United States v. Gore*, 154 F.3d 34, 40 (2d Cir. 1998)). Additionally, we must be "careful to avoid usurping the role of the jury since Rule 29 does not provide the trial court with an opportunity to substitute its own determination of the weight of the evidence and the reasonable inferences to be drawn for the jury." *United States v. Cassese*, 428 F.3d 92, 98 (2d Cir. 2005) (internal quotation marks and ellipsis omitted). We have previously observed that "[a] defendant challenging the sufficiency of the evidence bears a heavy burden." *United States v. Kozeny*, 667 F.3d 122, 139 (2d Cir. 2011). Conspiracy consists of three elements: "(1) an agreement between two or more persons to commit an unlawful act; (2) knowingly engaging in the conspiracy intending to commit those offenses that were the objects of the conspiracy; and (3) commission of an 'overt act' by one or more members of the conspiracy in furtherance of the

conspiracy." *United States v. Allen*, 788 F.3d 61, 70 (2d Cir. 2015) (quoting *United States v. Reyes*, 302 F.3d 48, 53 (2d Cir. 2002)). In a conspiracy case, "[t]he traditional deference accorded to a jury's verdict is especially important" because "a conspiracy by its very nature is a secretive operation, and it is a rare case where all aspects of a conspiracy can be laid bare in court with the precision of a surgeon's scalpel." *United States v. Jackson*, 335 F.3d 170, 180 (2d Cir. 2003) (internal quotation marks omitted).

In the opinion denying the Rule 29 motion regarding the conspiracy counts, the district court relied on three types of evidence presented by the government at trial: 1) evidence of both defendants' deep involvement in the management of the club and close communication with one another regarding those efforts, 2) evidence of each defendant's motive to conceal their work from the DEA, and 3) Glover's decision to list Polos as a reference on his security clearance form. Given this evidence, a rational juror could have found that Polos and Glover conspired to lie on the forms.

We have considered the remainder of Polos' and Glover's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4