# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 18, 2022

Lyle W. Cayce
Clerk

No. 21-50429
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BEAU BRYAN WALKER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-335-1

Before BARKSDALE, WILLETT, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Beau Bryan Walker pleaded guilty to receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2), (b)(1).  He was sentenced to, *inter alia*,

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50429

192-months' imprisonment. He contends the district court procedurally erred in applying enhancements to his Sentencing Guidelines range under Guidelines §§ 2G2.2(b)(2), (b)(5).

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).

In that respect, for issues preserved in district court, unlike in this instance, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Instead, and as Walker concedes, because he did not preserve his issues in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).

Under that standard, he must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* Walker fails to show the court committed the requisite clear or obvious error.

Guideline § 2G2.2(b)(5) provides for a five-level enhancement for "engag[ing] in a pattern of activity involving the sexual abuse or exploitation of a minor". In claiming the court erred in applying this enhancement, Walker contends the record fails to establish he engaged in conduct that satisfies the definition of "sexual abuse or exploitation". In the light of

unrebutted evidence, including Walker's use of an application's live video-chat feature to receive live video of children masturbating and his participating in the application with the children, the court did not plainly err in applying the enhancement. *See* Guideline § 2G2.2, cmt. n.1 (defining "sexual abuse or exploitation" as conduct described in 18 U.S.C. § 2251(a) (punishing "[a]ny person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct")); *United States v. McGee*, 821 F.3d 644, 648 n.4 (5th Cir. 2016) (rejecting contention webcam or video of explicit sexual conduct does not constitute "visual depiction" within the meaning of § 2251(a)). Further, the court did not err in relying on Walker's unchallenged post-polygraph statements contained in the presentence investigation report (PSR). *See United States v. Barfield*, 941 F.3d 757, 762–66 (5th Cir. 2019) (affirming reliance on defendant's own post-arrest statements at sentencing and noting defendant bears burden of demonstrating information in PSR inaccurate).

For the other challenged enhancement, Guideline § 2G2.2(b)(2) provides for a two-level enhancement "[i]f the material involved a prepubescent minor or a minor who had not attained the age of 12 years". Walker's contention that the term "prepubescent" is unconstitutionally vague and cannot serve as "a free-standing, independent basis" to apply this enhancement is unavailing. *See Beckles v. United States*, 137 S. Ct. 886, 895 (2017) (holding Guidelines not subject to vagueness challenges). Moreover, at sentencing, he did not challenge the investigating agent's conclusion, for purposes of the enhancement, that the individuals in some of the videos Walker possessed were "prepubescent", nor does he do so now. Accordingly, he fails to show the court plainly erred in applying the § 2G2.2(b)(2) enhancement on that basis. *United States v. Perez*, 484 F.3d

No. 21-50429

735, 745 (5th Cir. 2007) (upholding enhancement because images found in defendant's possession depicted "prepubescent children").

AFFIRMED.